1  William Markham, State Bar No. 132970
   MALDONADO & MARKHAM, LLP
2  402 West Broadway, 24th Floor
   San Diego, CA 92101
3  Telephone: (619) 221-4400
   Facsimile: (619) 224-3974
4  E-mail: wm@maldonadomarkham.com

5  William A. Kershaw, State Bar No. 057486
   Lyle W. Cook, State Bar No. 148914
6  KERSHAW, CUTTER, & RATINOFF LLP
   401 Watt Avenue
7  Sacramento, California 95864
   Telephone: (916) 448-9800
8  Facsimile: (916) 669-4499
   E-mail: wkershaw@kcrlegal.com
9
   *Attorneys For Plaintiffs,*
10 LA COLLINA DAL LAGO, L.P., and
   BERNAU DEVELOPMENT CORPORATION
11 and/or JENSEN ENTERPRISES, INC.

12              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| JENSEN ENTERPRISES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> OLDCASTLE PRECAST, INC., PACIFIC BELL TELEPHONE COMPANY; AT&T SERVICES, INC.; and NEVADA BELL TELEPHONE COMPANY, <br><br> Defendants. | **RELATED CASES** <br><br> Case No.: C 06-0247 SI |
| LA COLLINA DAL LAGO, L.P.; BERNAU DEVELOPMENT CORPORATION; and all similarly situated legal persons, <br><br> Plaintiffs, <br><br> vs. <br><br> PACIFIC BELL TELEPHONE COMPANY; NEVADA BELL TELEPHONE COMPANY; AT&T SERVICES, INC.; and OLDCASTLE PRECAST, INC., <br><br> Defendants. | Case No.: C 08-02451 SI <br><br> **PLAINTIFFS' CONSOLIDATED MOTION FOR COORDINATION OF PROCEEDINGS** <br><br> Date: June 27, 2008 <br> Time: 9:00 a.m. <br> Place: Courtroom 10, 19th Floor <br><br> Honorable Susan Illston |

Plaintiffs in the above captioned matters, La Collina dal Lago, L.P. and Bernau Development Corporation ("*La Collina*") and Jensen Enterprises, Inc. ("*Jensen*"), now submit their Consolidated Motion for Coordination of Proceedings as directed by the Stipulated Order filed May 29, 2008.

## I. INTRODUCTION

*La Collina* is a recently filed class action brought on behalf of property developers who were under-reimbursed for their actual costs of purchasing and installing infrastructure for the benefit of defendant telephone companies in California and Nevada. The *Jensen* case was filed January 12, 2006. It was brought by a manufacturer and supplier of AT&T specified telephone vaults and alleges antitrust wrongs against the defendant telephone companies and Jensen's competitor Oldcastle Precast, Inc. ("Oldcastle"). The *Jensen* and *La Collina* cases are properly related because common issues arise out of Defendants' conduct with respect to the AT&T vaults. The cases cannot reasonably be consolidated because of the many significant differences in issues presented in the two cases. Consolidation is also unworkable because *La Collina* is a proposed class action filed a few weeks ago while *Jensen* is an individual case filed over two years ago that is set for trial in November of this year.

The idea that the individual *Jensen* action should be stayed while Defendants are permitted to make pleading challenges to the recently filed *La Collina* class action is one that should be seen as immediately collapsing of its own weight. Defendants' proposal will not promote judicial economy because the two cases do not present common undecided issues that are ripe for joint motion practice. *Jensen* has already advanced beyond the possibility of joint motions and no efficiencies are achieved by allowing Defendants to re-litigate decided matters in *Jensen* under the guise of first-wave motion practice in *La Collina*. A stay in *Jensen*, while conducting motion practice in *La Collina*, may serve the improper purpose of delaying *Jensen* (while re-litigating issues in that case), but it would not promote judicial economy.

Defendants may claim that they do not intend to re-litigate issues in *Jensen* in *La Collina*, but to the extent a common issue is presented, this is the inevitable result of tethering a mature case on the verge of trial with a case that Defendants admit is going to be subject to attack on the

pleadings. Attacks on the pleadings in *Jensen* were made and decided long ago. In fact, the only conceivable reason for staying *Jensen* presumes that some decision in *La Collina*, which is in its infancy, will "advance" *Jensen*, the far more mature action that is preparing for trial. Nothing of the kind will occur and Defendants' proposal does not make sense for this and other reasons. If Defendants have some litigation agenda to pursue in *Jensen*, then they should be proceeding in *Jensen*, not filing motions to stay the case.

Although the *La Collina* and *Jensen* cases will not benefit from consolidation, and there is no justification for Defendant's proposal to stay *Jensen*, there are judicial economies that can be achieved by a limited coordination of discovery in the two cases. This approach to managing related cases is recognized and approved in the Manual for Complex Litigation, which states "[i]n related cases pending before the same judge, it is best to avoid conflicts and duplication." (David F. Herr, Annotated Manual for Complex Litigation, 4th ed., § 11.455 at p. 110, hereafter "Manual".)

In the sections that follow, Plaintiffs will explain the benefits of coordinating discovery in the two actions. But first it is necessary to explain why Oldcastle's suggested management of the two actions (in its stay motion) would be unfair, unworkable, and contrary to law.

## II. *JENSEN* AS THE FIRST FILED CASE PREPARING FOR TRIAL SHOULD NOT BE STAYED OR CONSOLIDATED WITH THE JUST FILED *LA COLLINA* CLASS ACTION.

Defendant Oldcastle proposes a stay of *Jensen* while permitting Oldcastle (and presumably the telephone company defendants) to litigate various challenges to the pleadings in *La Collina*. If Defendants[1] do not achieve their litigation objectives in these first wave motions, they then propose a consolidation of the two cases. Once consolidated, Defendants proposes to litigate in *La Collina*, the much later filed developer class action, a determination of whether AT&T under-reimbursed developers for AT&T Vaults. Of course, before this determination could be made as to the developer class, it would be necessary to litigate the issues of class certification, class

---

[1] The Stipulated Order governing the pending motions contemplates that Defendants will separately respond to this motion for coordinated proceedings. Plaintiffs are here presuming that Defendants will join in advocating the management plan suggested by Oldcastle's stay motion. If they do not agree with Oldcastle's approach to managing the litigation, the other Defendants can make their separate positions known in response to this motion.

-2-

representation, and related matters. All of the contemplated litigation activities in *La Collina*, through class certification and beyond, are supposed to occur while *Jensen* is stayed.[2] In short, Defendants propose to shut down the *Jensen* action, which is preparing for a November trial, while they spend what could be years litigating issues in the *La Collina*, starting at the very beginning. This defendant-centric proposal lacks any rationale but for one, it expresses Defendants' preference to avoid or delay a trial in *Jensen*.

Defendants first argue for their unfair and unworkable approach to the related actions by claiming they have been prejudiced in defending the *Jensen* case by belated notice of the *La Collina* action. It is difficult to conceive how giving earlier than required notice of the just filed *La Collina* class action creates prejudice to defendants in either case. Nothing more could reasonably have been done by *Jensen's* counsel with respect to notice of the *La Collina* action.[3] The early notice that was given was a professional courtesy, not an obligation. To the extent Defendants complain in *Jensen* about witness disclosures that have been made over four months before trial, that is a routine discovery issue in the *Jensen* case. It does not justify a stay of *Jensen* or any other relief presently sought by Defendants.

Defendants next argue that the overlap in issues in the two cases justifies both a stay of *Jensen* and eventual consolidation with *La Collina*. Defendants' two proposals appear to be self-contradictory. Defendants seek a stay in the *Jensen* action because the timing and progress of that individual action is so utterly at odds with the timing and progress of the *La Collina* class action. *Jensen* has been litigated for approximately two and one-half years and is scheduled for trial in November. *La Collina* was filed only a few weeks ago. The need for an indefinite, but extended, stay of *Jensen* (because it is so far advanced compared to *La Collina*) amounts to a compelling argument against consolidation. *See St. Bernard General Hospital, Inc. v. Hospital Service Association of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir.

---

[2] Defendants may argue that the stay could be shorter because they may succeed on their pleading motions in *La Collina*. Even if one were to assume that unlikely outcome, it provides no support for staying the *Jensen* case. Instead, that outcome would serve to highlight the extent to which the two cases present different issues, leading to different results, at different stages of the litigations.

[3] This issue is discussed in detail in the opposition to the motion for stay.

-3-

1983) (upholding district court's refusal to consolidate one antitrust case with others, stating that "[c]onsolidation is improper if it would prejudice the rights of the parties" and ruling that the "district court [properly] ruled that consolidation would be improper because the cases were at different stages of preparedness for trial") (citing *La Chemise Lacoste v. Alligator Co.*, 60 F.R.D. 164, 176 (D. Del. 1973); and *Transeastern Shipping Corp. v. India Supply Mission*, 53 F.R.D. 204 (S.D.N.Y. 1971)). Thus, Defendants seek a stay in pursuit of subsequent consolidation when the need for a stay demonstrates the degree to which consolidation is inappropriate. *See In re Repetitive Stress Injury Litigation*, 11 F.3d 368, 373-74 (2d Cir. 1993).

It must also be observed that Defendants' case management proposal conflicts with the rationale that underlies the "first filed doctrine." *See, e.g., Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991); *Weinstein v. Metlife, Inc.*, Not Reported F.Supp.2d, 2006 WL 3201045 (N.D Cal.). This doctrine, under established Ninth Circuit law, recognizes that judicial economy and fairness both support proceeding to trial on the first filed case. *Id.* The "first filed action" rule, which can result in the stay, transfer or dismissal *of a later filed substantially similar action* does not apply here, first, because the plaintiff parties in the two cases are entirely distinct, and second, because the issues raised in the two cases differ in many substantial respects. Nonetheless, the underlying rationale for the rule highlights the lack of a true compass in Defendants' management proposal.

What Defendants propose is to stay the case that is approaching trial after two and one-half years of litigation, so that they can raise a plethora of challenges, many unrelated and others already litigated in *Jensen*. Defendants propose a vigorous litigation of the newly filed case and a stay of the action set for trial this November. *See Weinstein*, at *3. It appears that a trial in *Jensen* will be the only way to resolve the issues in that case. To the extent that there are common issues shared between the two cases, the trial in *Jensen* will likely impact *La Collina*. For this reason, proceeding to trial as scheduled in *Jensen* can be expected to result in significant judicial efficiencies.

The difference in timing, which cannot be reasonably cured by a stay of *Jensen*, is but one

-4-

of many differences that cut against any eventual consolidation of the two actions. Defendants' proposal to stay *Jensen* for the express purpose of making pleading challenges in *La Collina* is revealing. Defendants cannot be said to be in search of judicial efficiency by this contemplated motion practice. To the contrary, Defendants will likely bring pleading motions in *La Collina* that include arguments they have lost in *Jensen*. It is doubtful that Defendants would stipulate to any adverse result they have suffered in *Jensen* and Defendants would be right to resist that outcome where different issues are presented. Thus, any broad consolidation under Rule 42(a) of the Federal Rules of Civil Procedure would be improper for reasons the parties must concede – the Plaintiffs and many of the issues in the two cases are distinct.

A narrower consolidation for joint motions on common issues, as permitted under Rule 42(a), might make sense *if the pleading motions and summary judgment motions in Jensen had not already been brought and decided long ago*. It is unreasonable to assert that consolidated (joint) motions can be brought to decide issues already decided in *Jensen*. Consolidation is not intended to allow either party to re-litigate decided issues. Judicial economy is only achieved where truly common issues can be decided together in the first instance.[4]

Even if the cases were not situated so differently with respect to the progress of the cases, it is doubtful that a consolidated trial would serve the interests of judicial economy. The parties and the issues are different in many important respects.[5]

In addition, *La Collina* is a class action. Enormous judicial efficiency may be obtained under Rule 23 by joining the developers' claims in a class action to decide common issues. This efficiency dwarfs that of consolidation because the developer claims are joined under Rule 23 whereas a consolidation is a purely ministerial act that retains the separate identities of any cases that are consolidated. *See Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 412 (6th Cir. 1998); *New York v. Microsoft Corp.*, 209 F.Supp. 2d 132, 148 (D.D.C. 2002). Consolidation, though it may be effective in some cases, lacks the procedural power of Rule 23. Furthermore, to

---

[4] This Court's direction in the Stipulated Order to file a consolidated motion on the issue of coordination reflects the kind of targeted efficiency that can be promoted by coordinating the two related actions where joint issues arise at the same time in the related cases.

[5] These differences are described in detail in the opposition to stay and are not repeated here.

-5-

1  suppose that a trial of a large class action should be consolidated with a large, but individual,
2  antitrust trial, simply ignores the practical realities. Neither the parties, nor the Court would likely
3  desire what a combined trial of the two cases would require. In any event, this result should not be
4  permitted where it would so obviously prejudice the parties in *Jensen* by reason of many months
5  or years of delay. A result that is highly prejudicial in the near term (because it would delay trial
6  in *Jensen*) and highly unlikely in the long term (because the two actions should not be jointly tried)
7  provides no support for Defendants' proposed management plan.

8  Defendants also express a fear of inconsistent results in the two cases, but that is largely
9  addressed by the related case rule and the agreed to order relating these two cases. One of the
10 primary reasons for the related cases rule, which brings related cases before the same judge, is to
11 ensure that the adjudication is consistent. Consolidation is not needed to avoid inconsistent rulings
12 when related cases are pending before the same judge. In fact, unlike class actions, consolidation
13 does not result in a unitary decision because the consolidated cases remain separate just as they do
14 when they proceed as related cases before the same judge. There is no reason to suppose that the
15 formality of a consolidation, any more than the formality of relation, will achieve consistent
16 adjudication. It is the plain fact that the cases are, in either event, before the same judge that
17 achieves that beneficial result.

18 **III.   LIMITED COORDINATION OF DISCOVERY IS THE BEST WAY TO ACHIEVE LITIGATION EFFICIENCIES WHERE ONE CASE HAS JUST BEEN FILED AND THE OTHER IS PREPARING FOR TRIAL.**
19
20 Defendants should agree that "[i]n related cases pending before the same judge it is best to
21 coordinate discovery plans to avoid conflicts and duplication." (Manual at § 11.455, p. 110.) By
22 this consolidated motion plaintiffs in the *Jensen* and *La Collina* actions seek coordination that is
23 limited to discovery. This will allow the parties in *La Collina* to use evidence disclosed or
24 produced in *Jensen*. The benefits of avoiding duplicative discovery in the two cases are significant
25 because the existing discovery in *Jensen* is extensive. The scale of the discovery in *Jensen* reflects
26 the scale of the savings and efficiencies that can be achieved by avoiding duplicative discovery
27 efforts in *La Collina*. There is no reason to forgo the economies that can be achieved by the
28 proposed coordination of discovery and every reason to obtain the benefits of coordinated

1  discovery.

2  The evidence made equally available in the two related cases would remain subject to the same protective classifications that exist in *Jensen*. Counsel in *La Collina* would agree to be bound by the protective order as are counsel in *Jensen*. The reasons for allowing coordinated discovery of this kind are stated in *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1299-1301 (7th Cir. 1980). These include the benefits of access to evidence that "eases the tasks of courts and litigants and speeds up what might otherwise be a lengthy process." *Id.* at 1299. Any legitimate protection that needs to be afforded to otherwise discoverable evidence "can be accommodated by amendment of the protective order to include the new litigants within its restrictions." *Id.* at 1301.

Avoiding inefficient and duplicative discovery efforts in *Jensen* and *La Collina* can be achieved by an order permitting joint access to existing discovery. Coordinating future discovery in the two cases should be done where possible, but the practical reality is that the two cases are at fundamentally different stages of development. Any remaining discovery in *Jensen* can and should be directed toward final preparation for the scheduled November trial. Initial discovery in *La Collina* will be focused on class issues in anticipation of bringing and defending the motion for class certification. The proposal for coordinating discovery, by providing access to existing discovery, achieves all available efficiencies, while fairly and appropriately recognizing that *La Collina* has just begun and *Jensen* is preparing to go to trial.

## IV.    CONCLUSION.

Plaintiffs have submitted with this motion a proposed coordination order that will avoid duplicative discovery by allowing joint access and use of discovered evidence in *Jensen* and in the *La Collina*. Plaintiffs respectfully request that the proposed order be adopted by the Court.

Dated: June 6, 2008.                KERSHAW, CUTTER & RATINOFF

By: /s/ Lyle W. Cook
Lyle W. Cook
William A. Kershaw
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 448-9800

PLAINTIFFS' CONSOLIDATED MOTION FOR COORDINATION OF PROCEEDINGS

Facsimile: (916) 669-4499
E-mail: wkershaw@kcrlegal.com

William Markham
MALDONADO & MARKHAM, LLP
402 West Broadway, 24th Floor
San Diego, CA 92101
Telephone: (619) 221-4400
Facsimile: (619) 224-3974
E-mail: wm@maldonadomarkham.com

*Attorneys For Plaintiffs,*
LA COLLINA DAL LAGO, L.P., and
BERNAU DEVELOPMENT CORPORATION
and/or JENSEN ENTERPRISES, INC.

-8-

PLAINTIFFS' CONSOLIDATED MOTION FOR COORDINATION OF PROCEEDINGS

```
 1  William Markham, State Bar No. 132970
    MALDONADO & MARKHAM, LLP
 2  402 West Broadway, 24th Floor
    San Diego, CA 92101
 3  Telephone: (619) 221-4400
    Facsimile: (619) 224-3974
 4  E-mail: wm@maldonadomarkham.com

 5  William A. Kershaw, State Bar No. 057486
    Lyle W. Cook, State Bar No. 148914
 6  KERSHAW, CUTTER, & RATINOFF LLP
    401 Watt Avenue
 7  Sacramento, California 95864
    Telephone: (916) 448-9800
 8  Facsimile:  (916) 669-4499
    E-mail: wkershaw@kcrlegal.com
 9
    Attorneys For Plaintiffs,
10  LA COLLINA DAL LAGO, L.P., and
    BERNAU DEVELOPMENT CORPORATION
11  and/or JENSEN ENTERPRISES, INC.
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENSEN ENTERPRISES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> OLDCASTLE PRECAST, INC., PACIFIC BELL TELEPHONE COMPANY; AT&T SERVICES, INC.; and NEVADA BELL TELEPHONE COMPANY, <br><br> Defendants. | **RELATED CASES** <br><br> Case No.: C 06-0247 SI |
| LA COLLINA DAL LAGO, L.P.; BERNAU DEVELOPMENT CORPORATION; and all similarly situated legal persons, <br><br> Plaintiffs, <br><br> vs. <br><br> PACIFIC BELL TELEPHONE COMPANY; NEVADA BELL TELEPHONE COMPANY; AT&T SERVICES, INC.; and OLDCASTLE PRECAST, INC., <br><br> Defendants. | Case No.: C 08-02451 SI <br><br> **[PROPOSED] ORDER RE COORDINATION OF RELATED ACTIONS** <br><br> Date:  June 27, 2008 <br> Time:  9:00 a.m. <br> Place:  Courtroom 10, 19th Floor <br><br> Honorable Susan Illston |

1

The Court, having reviewed and considered the consolidated motion for coordinating proceedings in the above captioned related cases and the oppositions to that motion, and having heard from the parties in proceedings held on June 27, 2008, finds that coordinated discovery in the related actions will promote efficient adjudication of the actions related by the Stipulated Order filed May 29, 2008.

Accordingly, IT IS HEREBY ORDERED THAT:

(1) Discovery obtained in *Jensen Enterprises, Inc. v. Oldcastle Precast, Inc., et al.*, Case No. C-06-0247 SI ("*Jensen*") and *La Collina dal Lago, L.P. et al., v. Pacific Bell Telephone Company, et al.*, Case No. CV 08 2451 SI (JCS) ("*La Collina*") may be used as if obtained in either case.

(2) As a condition precedent to obtaining access to discovery in *Jensen*, the Protective Order in *Jensen* shall be amended to include the litigants in *La Collina* within its restrictions. The Protective Order in *Jensen* will bind the parties, their attorneys, and the attorneys' consultants and service providers.

(3) As a condition precedent to access to any discovery in *La Collina* any Protective Orders entered into in that case shall include the litigants in *Jensen* within its restrictions, binding the parties, their attorneys, and the attorneys' consultants and service providers.

**GOOD CAUSE APPEARING, IT IS SO ORDERED.**

Dated: _____        _____
                                      THE HONORABLE SUSAN ILLSTON