FOLGER LEVIN & KAHN LLP
Michael A. Kahn (CSB No. 057432, mkahn@flk.com)
Beatrice B. Nguyen (CSB No. 172961, bnguyen@flk.com)
Janine L. Scancarelli (CSB No. 197202, jscancarelli@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Defendant Oldcastle Precast, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JENSEN ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> OLDCASTLE PRECAST, INC.; PACIFIC BELL TELEPHONE COMPANY; NEVADA BELL TELEPHONE COMPANY; and AT&T SERVICES, INC., <br><br> Defendants. | **RELATED CASES** <br><br> Case No. C-06-0247 SI (JCS) |
| LA COLLINA DAL LAGO, L.P.; BERNAU DEVELOPMENT CORPORATION; and all similarly situated legal persons, <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC BELL TELEPHONE COMPANY; NEVADA BELL TELEPHONE COMPANY; AT&T SERVICES, INC.; and OLDCASTLE PRECAST, INC., <br><br> Defendants. | Case No. C-08-2451 SI <br><br> **DEFENDANT OLDCASTLE PRECAST, INC.'S OPPOSITION TO PLAINTIFFS' CONSOLIDATED MOTION FOR COORDINATION OF PROCEEDINGS** <br><br> Date: June 27, 2008 <br> Time: 9:00 a.m. <br> Judge: Honorable Susan Illston <br> Courtroom: 10, 19th Floor |

FOLGER LEVIN & KAHN LLP
ATTORNEYS AT LAW

DEFENDANT OLDCASTLE'S OPP'N TO PLAINTIFFS' MOTION FOR COORDINATION OF PROCEEDINGS;
CASE NOS. C-06-0247 SI AND C-08-2451 SI

1    By their motion, Plaintiffs "seek coordination that is limited to discovery" in *Jensen Enterprises, Inc. v. Oldcastle Precast, Inc.*, Case No. C 06-0247 SI (the "Jensen Case"), and *La Collina Dal Lago, L.P. v. Pacific Bell Telephone Co.*, Case No. 08-2451 SI (the "Developers' Case"). Pls.' Mot., at 6:22-23. While Defendant Oldcastle Precast, Inc. ("Oldcastle") does not object (in principle) to coordination of discovery between the Jensen Case and the Developers' Case, Oldcastle respectfully submits that the Court should deny Plaintiffs' motion at this time for the following reasons:[1]

First, Plaintiffs' motion is premature given the procedural posture of the Developers' Case. As oft-repeated by Plaintiffs, they filed the Developers' Case a few weeks ago. Given that neither Oldcastle nor any of the other defendants has responded to the complaint, Plaintiffs cannot assume that any of their claims will survive the pleadings stage. Thus, it is simply premature to discuss whether any of the discovery in the Jensen Case should be made available to Plaintiffs in the Developers' Case.

Second, given that the Court has not ruled on whether the Jensen Case should be stayed, Plaintiffs' motion to coordinate discovery between the Jensen Case and the Developers' Case makes little sense. In keeping with the current scheduling order in the Jensen Case, non-expert discovery has been completed in that action, except for the depositions of La Collina dal Lago, L.P. and Bernau Development Corporation, which are scheduled for June 16, 2008. If the Jensen Case is not stayed, and goes to trial as scheduled in November 2008, there will be no additional discovery in the Jensen Case, apart from expert discovery, which is scheduled to close on August 1, 2008. Accordingly, in the absence of a stay of the Jensen Case, there is no reason to allow discovery from the Developers' Case – or any other new discovery – to be used in the Jensen Case.

Third, Plaintiffs in the Developers Case are not entitled to limitless access to the discovery

---

[1] Plaintiffs improperly devote the first five pages of their motion repeating their arguments in opposition to Oldcastle's motion for a stay in the Jensen Case. Given the irrelevance of these arguments in the context of Plaintiffs' motion for coordination of discovery, Oldcastle does not respond to them here, and instead will address them at the hearing on June 27, 2008.

FOLGER LEVIN & KAHN LLP
ATTORNEYS AT LAW

-2-

DEFENDANT OLDCASTLE'S OPP'N TO PLAINTIFFS' MOTION FOR COORDINATION OF PROCEEDINGS; CASE NOS. C-06-0247 SI AND C-08-2451 SI

1  in the Jensen Case, but instead are merely entitled to relevant discovery.  *See* Fed. R. Civ. Proc.
2  26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any
3  party's claim or defense . . . .") (emphasis added).  Because the Court has not ruled that Plaintiffs
4  can proceed on any of their claims in the Developers' Case, the parties do not know yet what
5  discovery in the Jensen Case (if any) would be relevant to the Developers' Case.  Consequently,
6  the parties are in no position to discuss Plaintiffs' access to the discovery in the Jensen Case until
7  they know what claims (if any) remain in the Developers' Case.

8      Fourth, assuming that Plaintiffs can proceed with any of their claims in the Developers'
9  Case, the parties can more appropriately address coordination of discovery between the Jensen
10 Case and the Developers' Case when they meet and confer pursuant to Rule 26(f) of the Federal
11 Rules of Civil Procedure.  If they cannot reach an agreement, Plaintiffs can seek the Court's
12 intervention at that time.

13     For the foregoing reasons, Oldcastle respectfully asks that this Court deny Plaintiffs'
14 motion at this time.  Plaintiffs are free to bring this motion again if and when the Court
15 determines that any of their claims in the Developers' Case can proceed beyond the pleadings
16 stage and the parties are unable to reach agreement on coordination of discovery.

17 Dated: June 13, 2008                                 FOLGER LEVIN & KAHN LLP

                                                                         /s/
                                          Janine L. Scancarelli
                                          Attorneys for Defendant
                                          Oldcastle Precast, Inc.

22 71073\6002\605339.2

FOLGER LEVIN & KAHN LLP
ATTORNEYS AT LAW

-3-

DEFENDANT OLDCASTLE'S OPP'N TO PLAINTIFFS'
MOTION FOR COORDINATION OF PROCEEDINGS;
CASE NOS. C-06-0247 SI AND C-08-2451 SI