FOLGER LEVIN & KAHN LLP
Michael A. Kahn (CSB No. 057432, mkahn@flk.com)
Beatrice B. Nguyen (CSB No. 172961, bnguyen@flk.com)
Janine L. Scancarelli (CSB No. 197202, jscancarelli@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Defendant Oldcastle Precast, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JENSEN ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> OLDCASTLE PRECAST, INC.; PACIFIC BELL TELEPHONE COMPANY; SBC SERVICES, INC.; and NEVADA BELL TELEPHONE COMPANY, <br> Defendants. | **RELATED CASES** <br><br> Case No. C-06-0247 SI (JCS) |
| LA COLLINA DAL LAGO, L.P; BERNAU DEVELOPMENT CORPORATION; and all similarly situated legal persons, <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC BELL TELEPHONE COMPANY; NEVADA BELL TELEPHONE COMPANY; AT&T SERVICES, INC.; and OLDCASTLE PRECAST, INC., <br><br> Defendants. | Case No. C-08-2451 SI <br><br> **DEFENDANT OLDCASTLE PRECAST, INC.'S, OPPOSITION TO PLAINTIFFS' MOTION TO APPROVE CONFLICT WAIVER** <br><br> Date: June 27, 2008 <br> Time: 9:00 a.m. <br> Judge: Honorable Susan Illston <br> Courtroom: 10, 19th Floor |

## I. INTRODUCTION

Plaintiffs Jensen Enterprises, Inc. ("Jensen"), La Collina dal Lago, L.P. ("La Collina") and Bernau Development Corporation ("BDC") (collectively, "Plaintiffs") ask the Court to approve a conflict waiver that would allow the law firm of Maldonado & Markham, LLP, to represent Jensen in Case No. CV-06-00247, *Jensen Enterprises Inc., v. Oldcastle Precast Inc., et al.* (the "Jensen Case"), and named plaintiffs La Collina and BDC (collectively, the "Named Developer Plaintiffs") in Case No. CV -08-02451, *La Collina dal Lago, L.P. v. Pacific Bell Telephone Co., et al.* (the "Developers Case"), which was filed as a class action.

In addition, the Named Developer Plaintiffs ask the Court to rule that they "have properly given their informed consent to this waiver on behalf of the putative class." Plaintiffs' Proposed Order at 2:13. The Named Developer Plaintiffs suggest that if the Court so rules, the Court will not need to consider the waiver any further in connection with class certification. *See* Plaintiffs' Mot. at xviii:18-19 ("If this court later finds that Plaintiffs or their attorneys are ill-suited to represent the class <u>on grounds other than the Conflict Waiver</u>, it can decline to appoint them.") (emphasis added).

Oldcastle Precast, Inc. ("Oldcastle"), a defendant in both cases, has not seen the conflict waiver at issue here, but seeks to draw the Court's attention to potential conflicts that should have been disclosed to Plaintiffs. Oldcastle also points out that even if conflicts have been properly waived, the Court may need to reconsider the conflicts at later stages of the Developers Case.

## II. ISSUES TO BE DECIDED

(1) Whether Plaintiffs have given informed, written consent to a conflict waiver;

(2) Whether the Named Developer Plaintiffs in the recently-filed class action have properly given informed consent to that conflict waiver on behalf of the putative class; and, if so, whether the issue of informed consent must be examined again at the time of class certification.

## III. STATEMENT OF FACTS

**A.  Counsel Seek to Represent Plaintiffs in Two Related Cases.**

William Markham, of Maldonado & Markham, LLP, seeks to represent Jensen in the Jensen Case and the Named Developer Plaintiffs in the Developers Case, which was filed as a

class action. According to declarations filed on June 6, 2008, Jensen and the Named Developer Plaintiffs have given informed written consent to the simultaneous representation. The actual content of the disclosures and consent has not been presented to the Court or to Oldcastle.

It appears that Lyle Cook, of Kershaw, Cutter & Ratinoff, LLP, also seeks to represent both Jensen and the Named Developer Plaintiffs in the related cases. Decl. of Janine L. Scancarelli, filed herewith ("Scancarelli Decl."), ¶¶ 2-4. Plaintiffs' counsel do not say whether Plaintiffs have given informed written consent to that simultaneous representation.

### B. The Named Developer Plaintiffs Have Been Disclosed as Witnesses in the Jensen Case.

On May 16, 2008, at the close of an extended non-expert discovery period in the Jensen Case, Jensen belatedly supplemented its discovery responses to disclose the two Named Developer Plaintiffs as potential witnesses in the Jensen Case. *See* Decl. of Janine L. Scancarelli in Support of Motion for Judicial Stay (Jensen Case docket no. 310), ¶¶ 4-6. The identity of these witnesses, as well as the information to which they might testify, was known to Jensen's counsel long before the disclosure. *See* Pl.'s Opp'n to Mot. for Judicial Stay (Jensen Case docket no. 319), at 6:10-7:10. Jensen's counsel, however, did not disclose their identities when he learned of them; he waited until he was authorized to disclose their identity, just 8 days before the close of the extended discovery period, and he did not in fact disclose their identity until 5 p.m. on the last day of that period. *See* Decl. of William Markham in Opp'n to Mot. for Judicial Stay (Jensen Case docket no. 320), ¶ 8 (stating that counsel was not authorized to disclose identities of La Collina and BDC until May 8, 2008); ¶ 7 (stating that counsel made disclosures on May 16, 2008). Thus Jensen's counsel faced conflicting responsibilities to his clients: "I wanted to make prompt, voluntary disclosures of these matters [*i.e.*, the identities of La Collina and BDC as witnesses in the Jensen Case]. I became authorized to do so only on May 8, 2008." *Id.* at 2:13-14.

### IV.   ARGUMENT

### A. Oldcastle Cannot Evaluate the Adequacy of a Conflict Waiver it Has Not Seen.

As Plaintiffs point out, the California Rules of Professional Conduct require an attorney to

1   obtain informed written consent from affected clients when there are actual or potential conflicts
2   between those clients. Cal. R. Prof. Conduct 3-310(C)(3). Oldcastle has not seen the disclosure
3   that was made to Jensen and the Named Developer Plaintiffs, and therefore cannot argue whether
4   the waiver is adequate. Oldcastle can, however, point out some of the conflicts that should have
5   been disclosed. The Court can, and should, accept Plaintiffs' offer to have the Court review *in*
6   *camera* the Conflict Waiver Letter and Conflict Waiver to evaluate their adequacy. Decl. of
7   William Markham in Supp. of Mot. for Approval of Conflict Waiver at 5:10-11.

8   • Do Jensen and the Named Developer Plaintiffs know that Jensen was the primary
9   of AT&T vaults in Nevada during 2004 and 2005? Scancarelli Decl. ¶ 5, Exh. 3. As such, Jensen
10  may be a proper defendant in the Developers Case, which alleges illegal conduct by AT&T's
11  suppliers, including monopolization by suppliers in Nevada from 2004 through the present.

12  • Does Jensen know that the existence of the Developers Case will almost certainly
13  make the Jensen case harder to settle? According to statements made by Jensen's counsel in
14  April 2008, Jensen is eager to settle its lawsuit. Scancarelli Decl. ¶ 6. The existence of the
15  Developers Case, however, will have a chilling effect on any candid discussions of settlement in
16  the Jensen Case: although settlement discussions may be protected by privilege, any discussions
17  with Jensen's counsel would necessarily involve the Named Developer Plaintiffs' counsel and
18  could compromise defenses in the Developers Case.

19  • Does Jensen know that its counsel consistently declined to take discovery from
20  developers, despite making representations to the Court about the importance of such discovery?
21  Although Jensen twice sought – and received – explicit permission from the Court to take the
22  depositions of developers, no such depositions were ever taken. *See* Feb. 27, 2007, Civil Pretrial
23  Minutes (Jensen Case docket no. 138); March 19, 2008, Civil Minute Order (Jensen Case docket
24  no. 294). Jensen was granted permission to take the depositions of developers in February 2007,
25  but did not even begin to interview developers until late 2007. Markham Decl. in Opp'n to Mot.
26  for Judicial Stay (Jensen Case docket no. 320) at 3:9. Then, Jensen's counsel interviewed
27  developers after mid-January 2008, *id.*, and was granted permission to extend the discovery
28  period to take developer depositions – but did not in fact take any. Jensen's counsel now seeks to

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-4-

DEFENDANT OLDCASTLE PRECAST, INC.'S, OPP'N
TO MOTION TO APPROVE CONFLICT WAIVER;
CASE NOS. C-06-0247 AND C-08-2451 SI

1  represent those developers, whose interests may not be aligned with Jensen's.

2  •  Does Jensen know that its counsel had to wait for authorization from the Named Developer Plaintiffs to disclose the identities of La Collina and BDC as potential witnesses in the Jensen Case, even though their testimony is purportedly favorable to – and important to – Jensen's case?

•  Have conflicts relating to Mr. Cook's concurrent representation of Jensen and the Named Developer Plaintiffs been disclosed and waived?

Only when these questions are answered can the adequacy of the conflict waivers be addressed.

**B.     Any Conflict Waiver Must Be Reviewed in the Context of Class Certification.**

The Named Developer Plaintiffs repeatedly claim to have waived conflicts "on behalf of the proposed class." *See*, *e.g.*, Plaintiffs' Mot. at iii:12, vi:12, xix:17. The Plaintiffs erroneously suggest that once the Court has ruled on the conflict waiver, it will have fully and finally resolved the issue of conflicts in the Developers Case.

Plaintiffs claim that the court in *Sharp v. Next Entertainment, Inc.*, 2008 WL 2191209 (Cal. Ct. App. May 28, 2008) "ruled that . . . the conflict waiver was properly given by the named plaintiffs on behalf of the proposed class." Plaintiffs' Mot. at xviii:4-6 (emphasis added). The *Sharp* court made no such ruling. The *Sharp* court simply ruled that there is no general requirement for each member of a class to provide written consent to a conflict waiver, *Sharp*, at *12, and that defendants in that case could not disqualify plaintiffs' counsel when the named plaintiffs in a proposed class action had effectively waived conflicts of interest. *Id.*, at *14.

In fact, the *Sharp* court pointed out that in a situation like the one here, where plaintiffs have not yet filed a motion to certify a class, and where no class has been certified, the named plaintiffs represent only themselves. *Sharp*, at *12.

The Court retains the responsibility to certify any class – as noted in *Sharp*, a decision on a conflict waiver made now does not preclude the Court from reaching a different decision later: the Named Developer Plaintiffs have the burden to meet the requirements of class certification at the time they move for class certification. *Id*. at 13. And at that time, if the Court concludes that

the Named Developer Plaintiffs cannot provide informed written conflict waivers, the Court must not permit certification. *Id.* at *13.

As one of Plaintiffs' experts has noted, the question of an informed conflict waiver cannot now be resolved once and for all. Plaintiffs' Motion and Proposed Order ignore an important opinion reached by one of Plaintiffs' experts – specifically, that a potential conflict could ripen into an actual conflict in the future, which would "trigger[] the obligation to make new disclosures, to conduct a new evaluation whether concurrent representation of the multiple parties may continue, and to obtain supplementary written conflict waivers." Decl. of Ellen A. Pansky, June 6, 2008, at 5:10-15. Thus, even if the Court finds that the Named Developer Plaintiffs have given their informed consent to a conflict waiver at this time, the waiver may need further examination at class certification, because potential conflicts may have ripened into actual conflicts, or additional conflicts may have arisen.

### V.    CONCLUSION

For the reasons stated above, the Court should carefully evaluate whether plaintiffs Jensen, La Collina and BDC have properly waived conflicts. And even if the Court rules that the waivers are proper, the Court must revisit the issue the conflict waiver by La Collina and BDC at the time of class certification, because potential conflicts may have ripened into actual conflicts, or new conflicts may have arisen. In view of the information currently available and the procedural posture of the Developers Case, Oldcastle respectfully requests the Court to deny Plaintiffs' motion without prejudice.

Dated: June 13, 2008                                FOLGER LEVIN & KAHN LLP

/s/
Janine L. Scancarelli
Attorneys for Defendant
Oldcastle Precast, Inc.

71073\6002\605119.2