AARON M. PANNER
Kellogg, Huber, Hansen, Todd, Evans, & Figel, PLLC
Sumner Square
1615 M Street, N.W., Suite 400
Washington, DC 20036

RAYMOND P. BOLAÑOS, State Bar #142069
J. SCOTT PAISLEY, State Bar #094236
AT&T Services, Inc. Legal Dept
525 Market Street, 20th Floor
San Francisco, California 94105-2727
Telephone: (415) 778-1357
Facsimile: (415) 882-4458

Attorneys for Defendants
PACIFIC BELL TELEPHONE COMPANY,
NEVADA BELL TELEPHONE COMPANY and
AT&T SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA COLLINA DAL LAGO, L.P.; BERNAU DEVELOPMENT CORPORATION; and all similarly situated legal persons,<br><br>　　Plaintiffs,<br><br>　　vs.<br><br>PACIFIC BELL TELEPHONE COMPANY; NEVADA BELL TELEPHONE COMPANY; AT&T SERVICES, INC.; and OLDCASTLE, PRECAST, INC.;<br><br>　　Defendants. | Case No. 08 CV 02451 SI<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO MOTION FOR APPROVAL OF CONFLICT WAIVER<br><br>Date:　June 27, 2008<br>Time:　9:00 a.m.<br>Place:　Courtroom 10, 19th Floor<br><br>The Hon. Susan Illston |

1

AT&T's Response to Motion for Approval of Conflict Waiver

08 CV 02451 SI

425445

Defendants Pacific Bell Telephone Company, AT&T Services, Inc., and Nevada Bell Telephone Company (collectively, "AT&T") respond to Plaintiffs' motion for approval of conflict waiver, to call the Court's attention to important facts not stated in Plaintiffs' moving papers. AT&T's principal concern is that simultaneous representation by Maldonado & Markham of plaintiff Jensen Enterprises, Inc. in the related action against AT&T, and its representation of the putative class in this action may undermine the orderly disposition of this case by giving rise to later objections by members of the putative class. If the waiver is not sufficiently informed or the conflicts are deemed "irreconcilable," this could lead to additional actions by objecting class members and/or the unwinding of this litigation or any judgment or settlement which may be reached herein. AT&T has not seen the conflict waiver letter that Plaintiffs are asking the Court to approve. Thus, defendants cannot comment on whether the waiver sufficiently addresses all of the potential conflicts or if it provides for adequate informed consent. Those are the issues which the Court must determine, along with whether any of the conflicts are so irreconcilable that they cannot be waived at all. *See generally, Sharp v. Next Entertainment, Inc.* (2008) __ Cal.App.4th __ [WL 2191209, pp. 20-22.]. To assist the Court in this regard, AT&T wishes to bring the following points to the Court's attention:

1. AT&T (formerly known as "SBC") and Oldcastle, Inc., co-defendants in both the *Jensen* and *La Collina* cases, allegedly entered into a contract in 2002 for AT&T's direct purchase of pre-cast concrete manholes for use in California. *La Collina* Comp., ¶ 119. The *La Collina* complaint alleges that the 2002 contract provided a list of "low prices" for the pre-cast concrete vaults and accessories, and that "AT&T then used this list to justify paying 'reimbursement' to Developers . . . at unreasonably low prices." *Id.,* ¶ 103. According to the complaint, AT&T also designated Oldcastle as the sole authorized supplier of pre-cast concrete vaults to developers in California; Oldcastle was then able to "sell to [a] captive market of property developers" at relatively higher prices. *Id.,* ¶ 103. AT&T and Oldcastle, in 2006, allegedly entered into a similar

arrangement covering property developments in Nevada. *Id.*, ¶ 120.

2. According to the complaint, the above agreement resulted in Oldcastle's monopolization of the (supposed) market for AT&T-compatible vaults in California and, later, Nevada. *See La Collina* Comp., ¶ 136 ("In this manner, Oldcastle has acquired a monopoly in the California Vault Market and in the Nevada Vault Market, in both of which it is the monopoly seller."). Plaintiffs have accused Oldcastle of monopolization in violation of Section 2 of the Sherman Act, and AT&T and Oldcastle of conspiracy to monopolize. Plaintiffs have also accused Oldcastle and AT&T of violations of Cal. Bus. & Prof. Code § 17200, of unjust enrichment, and of additional violations of federal and state antitrust law.

3. Plaintiffs' motion for approval of the conflict waiver does not reveal that, between November 2002 and January 2006, **Jensen** – not Oldcastle – was the sole approved supplier of AT&T concrete vaults in Nevada, and that Jensen enjoyed a 100% share of sales of AT&T-specified concrete vaults to developers in Nevada during that period. *See* SBC-PAN-2002-3069, pp. 1-2, Ex. A to Bolaños Dec; Report of Robert E. Hall, Table 5, p. 34, Ex. B to Bolaños Dec.; *La Collina* Comp., ¶ 120. Thus, under plaintiffs' apparent theory, Jensen – like Oldcastle – has engaged in unlawful monopolization of the "Nevada Vault Market" in violation of Section 2 of the Sherman Act.

4. Plaintiffs' apparent theory is that members of the class suffered injury when they were not fully reimbursed for the cost of vaults. *See La Collina* Compl. ¶ 130. The complaint makes clear, however, that such supposed harm is not limited to sales of Oldcastle vaults, but extends as well to sales of vaults from other suppliers. *La Collina* Compl. ¶ 130. The expert economist retained by Jensen on issues of relevant market, antitrust harm, and damages, has concluded that the "antitrust harm to the developers from the challenged conduct extends to the purchases made from Jensen and others." Robert Hall Report, Ex. B to Bolanos Dec., ¶ 24 at p. 10. Consequently, one of the conflicts between Jensen and the *La Collina* class of plaintiffs is that the same monopolization action could be brought by the class against Jensen. To avoid this

1  conflict, Jensen has not been named as a defendant in this case. Thus, a potential
2  defendant (and the recovery that might be obtained from that defendant) has been left out of the
3  case, to the potential the detriment of the class. Further, in prosecuting the *La Collina* case,
4  Maldonado & Markham likely will be motivated to show that Jensen is not similarly situated to
5  Oldcastle and is not similarly liable (in order to protect Jensen) when in fact the class's counsel
6  should be doing exactly the opposite in order to advance the class's interests.

7      5.    This same tension will also exist with respect to any settlement discussions that
8  may ensue. Given the relationship between the *Jensen* case and this purported class action, there
9  is a strong likelihood that all claims – of Jensen and the class – will be implicated in any
10 settlement discussions. This is the situation contemplated by California Rule of Professional
11 Conduct 3.310(D), which requires that a lawyer "shall not enter into an aggregated settlement of
12 claims of . . . the clients without the informed written consent of each client." The potential
13 conflict is not limited, as Plaintiffs' experts suggest, to the possibility that AT&T may lack funds
14 sufficient to satisfy an eventual judgment. Rather, there is the possibility that Plaintiffs' counsel
15 may be tempted to leverage – even unintentionally – the claims of one client or set of clients to
16 gain a better settlement for the other including, potentially, the release by the class of its potential
17 claims against Jensen. There is no mention of this conflict in Plaintiffs' motion, and thus it is not
18 clear whether it has been disclosed.

19     6.    A conflict of interest arises when there is "a substantial risk that the lawyer's
20 representation of the client would be materially and adversely affected" by that lawyer's duties to
21 another current client. *Sharp v. Next Entertainment, Inc.,* (2008) __ Cal.App.4th __ [WL
22 2191209, p. 8] (2008). In such circumstances, the trial court has authority to protect the integrity
23 of the judicial process by enforcing counsel's duties of confidentiality and loyalty. *People ex rel.*
24 *Dept. of Corporations v. SpeeDee Oil Change Systems Inc.* (1999) 20 Cal.4th 1135, 1145-1146.

25     7.    Under California Rule of Professional Conduct 3-310(C), a lawyer "shall not,
26 without the informed written consent of each client, . . . [a]ccept representation of more than one
27 client in a matter in which the interests of the client potentially conflict." For consent to be

28
4                                                            425445
AT&T's Response to Motion for Approval of Conflict Waiver

08 CV 02451 SI

"informed" under this rule, the lawyer must "inform[] the client . . . of the relevant circumstances and of the actual and reasonably foreseeable adverse consequences to the client." Cal. R. Prof. Conduct 3-310(A).

8. Some conflicts of interest are so irreconcilable that they cannot be waived. *See generally, Sharp v. Next Entertainment, Inc.* (2008) __ Cal.App.4th __ (2008) [WL 2191209, p. 15] (citations). Issues of informed consent and irreconcilability are for the Court to decide in the exercise of its reasoned discretion. *Sharp* at p. 7. AT&T submits that the examination of the issues and the exercise of that discretion in a class action are even more important because the decision will affect all of the unnamed class members, none of whom will have the opportunity to be heard on the issues.

9. One reasonably foreseeable adverse consequence to the class of representation by Jensen's counsel is that Plaintiffs will be unable to pursue potential claims against Jensen. Likewise, there is an inherent conflict in Maldonado & Markham representing both clients in any settlement negotiations, given the potentially adverse positions that the two sets of clients have. The question for the Court is whether counsel has sufficiently informed the class plaintiffs and Jensen about these conflicts, whether the waivers by the putative class and Jensen are sufficiently informed, and whether any of the conflicts are so irreconcilable that they cannot be waived at all. Because there is no mention of these circumstance in Plaintiffs' motion or in the accompanying declarations, AT&T has brought them to the Court's attention.

Dated: June 12, 2008            Respectfully submitted,

AT&T Services, Inc. Legal Dept.

By: _____
Raymond P. Bolaños
Attorneys for Defendants
PACIFIC BELL TELEPHONE COMPANY,
NEVADA BELL TELEPHONE COMPANY and
AT&T SERVICES, INC.

---

5                                                                425445

AT&T's Response to Motion for Approval of Conflict Waiver

08 CV 02451 SI

## PROOF OF SERVICE

Re: **La Collina Dal Lago, L.P.; et al. v. Pacific Bell Telephone Company, et al.**
U.S. District Court (N.D. CA) – San Francisco, Case No. 08 CV 02451 SI

I, Willie Hernandez, declare:

I am a resident of the State of California, over the age of eighteen years, and not a party to this action. My business address is 525 Market Street, 20th Fl., San Francisco, CA. I am familiar with my office's practice for collection and processing of mail with the U.S. Postal Service. Correspondence prepared for mailing by our office is deposited for pickup by the U.S. Postal Service that same day. On the date set forth below, I served the following document(s):

MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE
TO MOTION FOR APPROVAL OF CONFLICT WAIVER; AND

DECLARATION OF RAYMOND P. BOLAÑOS IN RESPONSE TO
MOTION FOR APPROVAL OF CONFLICT WAIVER

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, as indicated by the attached facsimile verification report.

☒ by placing the document(s) listed above in (a) sealed envelope(s), to the address(es) set forth below, with full prepaid postage thereon, and depositing said envelope(s) with the U.S. Postal Service, in the ordinary course of business, on the date set forth below.

☐ by said document(s) to be transmitted electronically to the e-mail address(es) indicated after the address(es) noted below.

William A. Kershaw
Kershaw, Cutter & Ratinoff, LLP
401 Watt Avenue
Sacramento, CA 95814-2719

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 13, 2008

_____
Willie Hernandez

Proof of Service                                                                                                   424911