AARON M. PANNER
Kellogg, Huber, Hansen, Todd, Evans, & Figel, PLLC
Sumner Square
1615 M Street, N.W., Suite 400
Washington, DC 20036

RAYMOND P. BOLAÑOS, State Bar #142069
J. SCOTT PAISLEY, State Bar #094236
AT&T Services, Inc. -- Legal Dept
525 Market Street, 20th Floor
San Francisco, California 94105-2727
Telephone:  (415) 778-1357
Facsimile:   (415) 882-4458

Attorneys for Defendants
PACIFIC BELL TELEPHONE COMPANY,
NEVADA BELL TELEPHONE COMPANY and
AT&T SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA COLLINA DAL LAGO, L.P.; BERNAU DEVELOPMENT CORPORATION; and all similarly situated legal persons,<br><br>            Plaintiffs,<br><br>       vs.<br><br>PACIFIC BELL TELEPHONE COMPANY; NEVADA BELL TELEPHONE COMPANY; AT&T SERVICES, INC.; and OLDCASTLE, PRECAST, INC.;<br><br>            Defendants. | Case No.  08 CV 02451 SI<br><br>DECLARATION OF RAYMOND P. BOLAÑOS IN RESPONSE TO MOTION FOR APPROVAL OF CONFLICT WAIVER<br><br>Date:   June 27, 2008<br>Time:  9:00 a.m.<br>Place:  Courtroom 10, 19th Floor<br><br>The Hon. Susan Illston |

1                                                                                                                                             425323

Declaration of Raymond P. Bolaños
In Response to Motion for Approval of Conflict Waiver

I, Raymond P. Bolaños, declare as follows:

1. I am an attorney licensed to practice law before the Courts of the State of California and the United States District Court for the Northern District of California. I have personal knowledge of the matters set forth in this Declaration, and could testify thereto if called upon to do so.

2. Attached hereto as Exhibit A are the first 4 pages of SBC-PAN-2002-3069, issued on December 9, 2002. As indicated on page 1, the PAN was issued "to announce the introduction of the approved suppliers of concrete Manholes and Pull Boxes" in California and Nevada. Page 2 of the PAN listed Jensen Precast as the sole SBC-approved supplier of Manholes and Pull Boxes in Nevada.

3. Attached hereto as Exhibit B are excerpts from the Report of Robert E. Hall on Behalf of Jensen Precast – Damages and Other Issues, served on May 5, 2008 in the related matter of *Jensen v. Oldcastle, et al.*

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 12, 2008 in San Francisco, California.

_____
Raymond P. Bolaños

SBC Practice                                                                SBC-PAN-2002-3069
                                                                            Issue 1, 12/09/2002



# SBC-PAN-2002-3069
# Outside Plant Concrete Manholes and Pull Boxes for SBC-Pacific Bell and SBC Nevada Bell

| | |
|---|---|
| To: | All SBC-PB and SBC-NB Network and Procurement Employees |
| Effective Date: | 11/01/2002 |
| Issue Date: | Issue 1, 12/09/2002 |
| Expires On: | N/A |
| Related Documents: | See Related Documents |
| Canceled Documents: | N/A |
| Issuing Department: | Network |
| Business Unit: | Network |

**Points of Contact:**
See Contact List

**Author(s):**
See Contact List

© 2002 SBC Management Services, Inc. All rights reserved.
Not for use or disclosure outside SBC Communications Inc. except under written agreement. Not to be disclosed to 272-restricted affiliates (such as SBCLD and ASI/AADS) or to employees siloed to 272-restricted affiliates without prior written approval of SBC Legal.

i



PB08431
(Jensen v. PB)

**SBC Practice**                                                                 **SBC-PAN-2002-3069**
                                                                                 **Issue 1, 12/09/2002**

**Table of Contents**

**INTRODUCTION**                                                                 1
1.   REASON FOR REISSUE                                                          1
2.   DESCRIPTION                                                                 1
3.   ENGINEERING CONSIDERATIONS                                                  3
4.   INSTALLATION CONSIDERATIONS                                                 3
5.   CODING AND CLASSIFICATION                                                   3
6.   ORDERING INFORMATION                                                        3
7.   MAINTENANCE SPARES                                                          15
8.   DOCUMENTATION                                                               16
9.   TEST EQUIPMENT                                                              16
10.  TRAINING                                                                    16
11.  WARRANTY                                                                    16
12.  ENGINEERING COMPLAINTS                                                      16
13.  RELATED DOCUMENTS                                                           16
14.  ACKNOWLEDGEMENTS                                                            16
15.  CONTACT LIST                                                                17
**ACRONYMS**                                                                     18

© 2002 SBC Management Services, Inc. All rights reserved.
Not for use or disclosure outside SBC Communications Inc. except under written agreement. Not to be disclosed to 272-restricted affiliates (such as SBCLD and ASI/AADS) or to employees siloed to 272-restricted affiliates without prior written approval of SBC Legal.

PB08432
(Jensen v. PB)

SBC Practice                                                                 SBC-PAN-2002-3069
                                                                             Issue 1, 12/09/2002

INTRODUCTION

This PAN is being issued to announce the introduction of the approved suppliers of concrete Manholes and Pull Boxes for the SBC-PB and SBC-NB regions. The contracts for these products were negotiated in 2002 and have enabled SBC to maintain a quality product while at the same time reducing cost to the business. The new contracts have resulted in a new procedure for ordering precast concrete products for the specified regions, with the issuance of this PAN all precast concrete products should now be ordered directly from the supplier by SBC personnel. **No Manholes or pull boxes will be ordered through contractors.**

1. REASON FOR REISSUE

| Issue Number | Date Modified | Brief Description of Changes | Author |
|---|---|---|---|
| 1 | 12/09/02 | Initial Issue | David Maze |

2. DESCRIPTION

This PAN is being issued to introduce the current approved vendors and the Product Identification Numbers (PID) for concrete Manholes and Pull Boxes used by SBC-PB and SBC-NB. With the issuance of this PAN SBC personnel will be responsible for ordering the precast concrete products from the suppliers utilizing the provided PIDS. **No Manholes or pull boxes will be ordered through contractors.** With the issuance of this PAN the person placing the order for a concrete Manhole or Pull Box will be required also to select a PID identifying the delivery location for the product. This PAN introduces these new Transportation PIDs which are based on the Area Codes for the delivery location within the SBC-PB and SBC-NB regions.

With the issuance of this PAN the following Suppliers are rated approved for use as suppliers of concrete Manholes and Pull Boxes for SBC-PB and SBC-NB:

© 2002 SBC Management Services, Inc. All rights reserved.
Not for use or disclosure outside SBC Communications Inc. except under written agreement. Not to be disclosed to 272-restricted affiliates (such as SBCLD and ASI/AADS) or to employees siloed to 272-restricted affiliates without prior written approval of SBC Legal.

1

PB08433
(Jensen v. PB)

**SBC Practice**  SBC-PAN-2002-3069
Issue 1, 12/09/2002

**SBC - California**

<u>Oldcastle Precast:</u>

Contact:

Mike Scott

Utility Vault

10650 Hemlock Average

Fontana, CA 92337-7243

PO Box 1390

Fontana, CA 92334-1390

Phone: 909-428-3700

Fax: 909-823-4113

Mike.scott@oldcastleprecast.com

**SBC - Nevada**

<u>Jensen Precast:</u>

Contact:

Sparks Branch – 775/359-6200

General Manager Donald Graham

Sales Manager Anthony Bosco

Engineering Manager Vince Rossi

Operations Manager Juan Galvo

© 2002 SBC Management Services, Inc. All rights reserved.
Not for use or disclosure outside SBC Communications Inc. except under written agreement. Not to be disclosed to 272-restricted affiliates (such as SBCLD and ASI/AADS) or to employees siloed to 272-restricted affiliates without prior written approval of SBC Legal.

2

PB08434
(Jensen v. PB)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| JENSEN ENTERPRISES, INC., | ) | Case No. C 06-0247 SI (JCS) |
| Plaintiff, | ) | |
| Vs. | ) | **REPORT OF ROBERT E. HALL** |
| | ) | **ON BEHALF OF JENSEN PRECAST** |
| OLDCASTLE PRECAST, INC.; PACIFIC BELL TELEPHONE COMPANY; AT&T SERVICES, INC.; and NEVADA BELL TELEPHONE COMPANY, | ) | **DAMAGES AND OTHER ISSUES** |
| Defendants | ) | |

May 2, 2008



1

Contents

I. Introduction ........................................................................................................................ 3
   A. Assignment .................................................................................................................. 3
   B. Information Considered ............................................................................................... 3
II. Background ........................................................................................................................ 3
   A. The Challenged Conduct .............................................................................................. 3
   B. The Relevant Antitrust Market ..................................................................................... 4
   C. Harm Caused by the Challenged Conduct ................................................................. 10
III. Possible Justifications for the Challenged Conduct ........................................................ 11
   A. Excluding Non-Conforming Products ....................................................................... 13
   B. Price ............................................................................................................................ 14
   C. Warranty .................................................................................................................... 15
   D. Indemnity ................................................................................................................... 16
IV. Other Opinions ................................................................................................................ 18
   A. Restraint of Trade ...................................................................................................... 18
   B. Monopoly Power and Lessening of Competition ...................................................... 19
   C. Harm to Competitors .................................................................................................. 21
   D. Injunctive Relief ......................................................................................................... 21
   E. Impact of Challenged Conduct on Electrical Vault Sales .......................................... 22
V. Common Issues for Damages .......................................................................................... 22
VI. Damages for But-for Scenario One: Earlier Practices .................................................... 32
VII. Damages for But-for Scenario 2: Efficient Geographic Contracting ............................. 40

# I. Introduction

## A. Assignment

1. I previously submitted affirmative and rebuttal expert reports on market definition and related issues in this litigation. This third report covers additional issues not included in my earlier report and quantifies Jensen's damages from AT&T and Oldcastle's challenged conduct. For the purposes of quantifying damages, I have been asked to assume that antitrust liability has been established.

## B. Information Considered

2. Appendix A lists the new materials considered for this report. I included an extensive list of materials considered in my affirmative and rebuttal market definition reports in Appendices C and A of those previous reports, respectively.

# II. Background

## A. The Challenged Conduct

3. This subsection provides a brief summary of the challenged conduct and related issues of antitrust economics. It provides the context for my analysis of additional issues and my damages calculations, but should not be taken as anything more than a summary of the conclusions I described in detail in my earlier reports.

4. My rebuttal market definition report stated, "… the challenged conduct is that AT&T used its position as the near monopoly supplier of wireline telephone service to force developers in many instances to buy [AT&T Vaults] from a single supplier, Oldcastle, and then AT&T failed to reimburse developers for the full cost of their purchases."[1] As I explained in my affirmative market definition report, this conduct involved the extension of AT&T's Oldcastle-

---

[1] Rebuttal Market Definition Report of Robert E. Hall on Behalf of Jensen Precast, December 26, 2007 [hereafter referred to as "Hall Rebuttal Market Definition Report"], 4:5. Expert report references are to page number and paragraph number.

> A. As I mentioned before, I don't believe an engineer is looking specifically at the supplier, the particular supplier, they're just looking at the type of vault and a price that would be associated with that.

23. My review of the developer agreements found that they generally do not identify the vault seller, in accord with Ms. Stanton's testimony.

24. I conclude that the antitrust harm to the developers from the challenged conduct extends to the purchases made from Jensen and others. Developers were frequently under-reimbursed for these purchases. My market definition for antitrust purposes should be adjusted accordingly. Whereas I previously defined the market with reference to the Oldcastle-only policy, I now include purchases from all vault sellers subject to under-reimbursement. The under-reimbursement was the result of AT&T's use of prices from its direct purchase agreement with Oldcastle that understated, sometimes seriously, the prices that developers paid for purchases from Oldcastle and other sellers of AT&T Vaults.

### C. Harm Caused by the Challenged Conduct

25. AT&T's and Oldcastle's actions derive their antitrust character from the harm they caused to consumers by elevating prices. The challenged conduct included restrictions such that supply and demand substitution were unable to protect consumers from elevations in net prices resulting from AT&T-Oldcastle's exercise of market power. Consumers suffered harm from increased net prices even if the price paid by developers before deduction of reimbursement was the same as the price that would have prevailed but for the challenged conduct. Depression of the reimbursement by a dollar has the same adverse effect on a developer as a dollar increase in the price above the reimbursement level.

26. AT&T and Oldcastle's actions also harmed competing precasters, including Jensen, in the form of diminished profits from sales they would have made to developers but for the Oldcastle-only policy. Harm to rivals is not itself the defining characteristic of antitrust misconduct. For example, a more efficient supplier harms its rivals but promotes competition by lowering prices. Rather, harm to consumers is the defining characteristic of antitrust misconduct. But, according to my understanding of the principles of antitrust law, rivals harmed by antitrust misconduct are entitled to compensation for their lost profits. I explained in my earlier report that

Table 5. Jensen's Actual and But-for Shares, Scenario 1: Earlier Practices

|  |  | a | b | c | d |
|---|---|---|---|---|---|
| Region | Year | Actual share direct (%) | But-for share direct (%) | Actual share indirect (%) | But-for share indirect (%) |
| CA | 2002 | 75.7 | 75.7 | 45.8 | 45.8 |
|  | 2003 | 2.0 | 71.1 | 39.2 | 43.0 |
|  | 2004 | 0.2 | 70.5 | 26.0 | 42.6 |
|  | 2005 | 0.1 | 71.5 | 18.2 | 43.2 |
|  | 2006 | 0.4 | 72.0 | 15.9 | 43.5 |
|  | 2007 | 0.1 | 76.3 | 12.6 | 46.1 |
|  | 2008 | 0.1 | 76.3 | 12.6 | 46.1 |
|  | 2009 | 0.1 | 76.3 | 12.6 | 46.1 |
|  | 2010 | 0.1 | 76.3 | 12.6 | 46.1 |
|  | 2011 | 0.1 | 76.3 | 12.6 | 46.1 |
|  | 2012 | 0.1 | 76.3 | 12.6 | 46.1 |
| NV | 2002 | 100.0 | 100.0 | 100.0 | 100.0 |
|  | 2003 | 100.0 | 100.0 | 99.0 | 99.0 |
|  | 2004 | 100.0 | 100.0 | 99.7 | 99.7 |
|  | 2005 | 100.0 | 100.0 | 98.4 | 98.4 |
|  | 2006 | 43.7 | 99.9 | 75.9 | 98.3 |
|  | 2007 | 25.4 | 99.8 | 50.0 | 98.3 |
|  | 2008 | 25.4 | 99.8 | 50.0 | 98.3 |
|  | 2009 | 25.4 | 99.8 | 50.0 | 98.3 |
|  | 2010 | 25.4 | 99.8 | 50.0 | 98.3 |
|  | 2011 | 25.4 | 99.8 | 50.0 | 98.3 |
|  | 2012 | 25.4 | 99.8 | 50.0 | 98.3 |

Sources: Oldcastle and Jensen sales data, OLD 096133; OLD 096708; 295031; 295036 to 295037; 295040 to 295044; 396298; 396300 to 396302. Other supplier sales information provided by company representatives.

### B. AT&T Vault Market Shares by Supplier, 2009 through 2012

96. The usual framework for damages analysis assumes that the challenged conduct will end as of the date of a verdict finding it to be unlawful. Because rebuilding commercial relationships takes time, damages continue through a post-trial recovery period. I calculate damages based on this usual framework. I have also been asked to quantify damages on the hypothesis that the harm to Jensen will continue through 2012.

34