1  FOLGER LEVIN & KAHN LLP
   Michael A. Kahn (CSB No. 057432, mkahn@flk.com)
2  Beatrice B. Nguyen (CSB No. 172961, bnguyen@flk.com)
   Janine L. Scancarelli (CSB No. 197202, jscancarelli@flk.com)
3  Embarcadero Center West
   275 Battery Street, 23rd Floor
4  San Francisco, CA  94111
   Telephone: (415) 986-2800
5  Facsimile: (415) 986-2827

6  Attorneys for Plaintiff Oldcastle Precast, Inc.

7

8

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12

13 LA COLLINA DAL LAGO, L.P.;          Case No. C-08-2451 SI
   BERNAU DEVELOPMENT
14 CORPORATION; and all similarly situated   **DECLARATION OF JANINE L.**
   legal persons,                            **SCANCARELLI IN SUPPORT OF**
15                                           **DEFENDANT OLDCASTLE PRECAST,**
                Plaintiffs,                   **INC.'S MOTION TO DISMISS**
16                                           **COMPLAINT OR, IN THE**
        v.                                   **ALTERNATIVE, TO STRIKE CLASS**
17                                           **ALLEGATIONS**
   PACIFIC BELL TELEPHONE
18 COMPANY; NEVADA BELL               Date: October 3, 2008
   TELEPHONE COMPANY; AT&T           Time: 9:00 a.m.
19 SERVICES, INC.; and OLDCASTLE      Judge: Hon. Susan Illston
   PRECAST, INC.,                     Courtroom: 10
20
                Defendants.
21

22      I, Janine L. Scancarelli, declare the following:

23      1.      I am a partner with the law firm Folger Levin & Kahn LLP, which represents

24 Oldcastle Precast, Inc. ("Oldcastle") in this matter.  I am Oldcastle's lead attorney in this case.  I

25 have personal knowledge of the following facts, and if called I could and would testify

26 competently to them.

27      2.      Attached to this Declaration as Exhibit A is a true and correct copy of excerpts

28 from the transcript of the deposition of Jeremy G. Bernau (the "Bernau Deposition"), which was

1    taken in the related case *Jensen Enterprises, Inc. v. Oldcastle Precast, Inc.*, Case No. C 06-0247

2    SI, on June 16, 2008.

3        3.      Attached to this Declaration as Exhibit B is a true and correct copy of an excerpt

4    from Exhibit 2 to the Bernau Deposition.

5        4.      Mr. Bernau testified at the Bernau Deposition as a corporate designee for La

6    Collina dal Lago, L.P., in response to a deposition notice which was marked as Exhibit 1 at Mr.

7    Bernau's deposition.  A true and correct copy of that deposition notice is attached to this

8    Declaration as Exhibit C.

9        5.      La Collina dal Lago, L.P., was represented by counsel at Mr. Bernau's deposition.

10       6.      Mr. Bernau also testified at the Bernau Deposition as a corporate designee for

11   Bernau Development Corporation, in response to a deposition notice which was marked as

12   Exhibit 4 at Mr. Bernau's deposition.  A true and correct copy of that deposition notice is attached

13   to this Declaration as Exhibit D.

14       7.      Bernau Development Corporation was represented by counsel at Mr. Bernau's

15   deposition.

16       I declare under penalty of perjury under the laws of the State of California that the

17   foregoing is true and correct.  Executed in San Francisco, California, on June 19, 2008.

18

19                                      /S/  Janine L. Scancarelli

20   71073\6002\606349.2

21

22

23

24

25

26

27

28

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW
                            -2-                    DECLARATION OF JANINE L. SCANCARELLI;
                                                   CASE NO. C-08-2451 SI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION



JENSEN ENTERPRISES, INC.,

            Plaintiff,

      vs.                   No. C-06-0247 SI (JCS)

OLDCASTLE PRECAST, INC.;

PACIFIC BELL TELEPHONE COMPANY;

SBC SERVICES, INC.; and NEVADA

BELL TELEPHONE COMPANY,

            Defendants.

_____/


Deposition of

JEREMY G. BERNAU

Monday, June 16, 2008

Under Rule 30(b)(6)


Reported by:

SHARON CABELLO, RPR

CSR No. 3080

Job No. 60052A (Sacramento)

Job No. 80699A (San Francisco)

```
 1                          APPEARANCES

 2    For the Plaintiff Jensen Enterprises, Inc.:

 3          MALDONADO & MARKHAM, LLP

 4          Attorneys at Law

 5          BY: WILLIAM A. MARKHAM, Esq.

 6          401 W. Broadway, 24th Floor

 7          San Diego, CA  92101

 8

 9    For the Defendant Oldcastle Precast, Inc.:

10          FOLGER LEVIN & KAHN LLP

11          Attorneys at Law

12          BY: JANINE L. SCANCARELLI, Esq.

13          275 Battery Street, 23rd Floor

14          San Francisco, CA  94111

15

16    For the Defendant AT&T Services:

17          AT&T SERVICES, INC.

18          Legal Department

19          BY: RAYMOND P. BOLANOS, Esq.

20          525 Market Street

21          San Francisco, CA  94105

22

23    Also Present:

24          Randy A. Young, Videographer

25                          --o0o--
```

INDEX

| Examination by | Page |
|---|---|
| MS. SCANCARELLI | 8, 99, 140 |
| MR. BOLANOS | 58, 96, 130, 141 |
| MR. MARKHAM | 93, 133, 147 |

--oOo--

INDEX OF EXHIBITS

| Number | Description | Page |
|---|---|---|
| Ex 1 | Defendant Oldcastle Precast, Inc.'s, Notice of Deposition of La Collina Dal Lago | 6 |
| Ex 2 | Group of Documents from Bernau | 20 |
| Ex 3 | Email chain dated 5/16/2008 from Markham to Nguyen | 54 |
| Ex 4 | Defendant Oldcastle Precast, Inc.'s, Notice of Deposition of Bernau Development Corporation | 99 |
| Ex 5 | Group of Documents | 102 |
| Ex 6 | Group of Documents | 102 |

--oOo--

ESQUIRE DEPOSITION SERVICES
800.770.3363

1    BE IT REMEMBERED, that on Monday, June 16,

2   2008, commencing at the hour of 9:25 a.m. thereof, at

3   the offices of BERNAU DEVELOPMENT CORPORATION, Folsom,

4   California, before me, SHARON CABELLO, a Certified

5   Shorthand Reporter in the State of California, duly

6   authorized to administer oaths and affirmations, the

7   following statement was made:

                        --oOo--

09:24:29    8

09:24:29    9        THE VIDEOGRAPHER:  This marks the beginning of

09:25:29   10   Videotape No. 1 of Volume 1 of the 30(b)(6) deposition

09:25:33   11   of Jeremy Bernau taken on behalf of the attorneys for

09:25:37   12   the Defendants in the matter of Jensen Enterprises,

09:25:40   13   Inc., Plaintiff, versus Oldcastle Precast, Inc., et al,

09:25:45   14   Defendants, Case No. C-06-0247 SI (JCS) in the U.S.

09:25:52   15   District Court for the Northern District of California,

09:25:55   16   San Francisco Division.

09:25:58   17        This deposition is being held at 921 Sutter

09:26:01   18   Street in Folsom, California, on June 16th, 2008.  The

09:26:06   19   video operator today is Randy A. Young and the court

09:26:10   20   reporter is Sharon Cabello.  We are on behalf of the

09:26:12   21   Esquire Deposition Services whose office is located at

09:26:16   22   520 Capitol Mall in Sacramento, California.

09:26:19   23        We are going on the record now and the time is

09:26:23   24   approximately 9:25 a.m..  Will counsel please state

09:26:27   25   there appearance for the record and state whom they

                                                              4

09:26:29  1    represent.

09:26:30  2          MS. SCANCARELLI:  Janine Scancarelli, Folger,

09:26:33  3    Levin & Kahn for Defendant Oldcastle Precast.

09:26:36  4          MR. BOLANOS:  Raymond Bolanos for AT&T

09:26:38  5    Defendant.

09:26:38  6          MR. MARKHAM:  William Markham, I represent

09:26:41  7    Jensen Enterprises, Incorporated, in the case of Jensen

09:26:43  8    versus Oldcastle.  And I also represent Bernau

09:26:47  9    Development Corporation and La Collina dal Lago in the

09:26:50  10   case of La Collina dal Lago V Pacific Bell Telephone

09:26:55  11   Company.

09:26:55  12         THE VIDEOGRAPHER:  Thank you.  If there is no

09:26:57  13   stipulations, will the court reporter please swear in

09:26:59  14   the witness.

          15                       --oOo--

          16             JEREMY G. BERNAU,

          17         a 30(b)(6) witness called by the Defendant in

          18   the above-entitled action, who, having been duly sworn

          19   by the Certified Shorthand Reporter to tell the truth,

          20   the whole truth and nothing but the truth, testified

          21   under oath as follows:

09:27:09  22                       --oOo--

09:27:09  23         MR. MARKHAM:  And I want to put a statement on

09:27:11  24   the record which is that we are proceeding Mr. Bernau

09:27:14  25   today on behalf of both Bernau Development Corporation

| 09:27:19 | 1 | and La Collina dal Lago.  And this deposition I |
| 09:27:24 | 2 | understand is being taken under Rule 30(b)(6) of the |
| 09:27:27 | 3 | Federal Rules of Civil Procedures. |
| 09:27:31 | 4 | Even though I do not have -- I'm not sure |
| 09:27:36 | 5 | whether or not I have a listing of all the topics, but |
| 09:27:39 | 6 | I am producing Mr. Bernau pursuant to any and all |
| 09:27:42 | 7 | topics on which the examining attorneys wish to direct |
| 09:27:46 | 8 | questions. |
| 09:27:48 | 9 | MS. SCANCARELLI:  Well, that's an interesting |
| 09:27:50 | 10 | statement.  I believe that you have been provided with |
| 09:27:55 | 11 | deposition notices, but why don't we make those the |
| 09:27:57 | 12 | first exhibit so we can just make sure everybody knows |
| 09:28:00 | 13 | where we are. |
| 09:28:01 | 14 | MR. MARKHAM:  Okay. |
| 09:28:16 | 15 | (Defendant's Exhibit 1 was marked |
| 09:28:17 | 16 | for identification.) |
| 09:28:17 | 17 | MR. MARKHAM:  Okay.  The offer -- the |
| 09:28:23 | 18 | production exceeds the scope of the notice, we are |
| 09:28:26 | 19 | producing these witnesses to testify on any and all |
| 09:28:28 | 20 | topics so far as the examining attorney wishes to |
| 09:28:31 | 21 | conduct the examination. |
| 09:28:34 | 22 | MS. SCANCARELLI:  Well, that statement doesn't |
| 09:28:36 | 23 | really mean anything since under the law of the |
| 09:28:38 | 24 | Northern District of California your witnesses have to |
| 09:28:42 | 25 | answer all the questions that are put to them in the |

6

| 09:39:56 | 1 | A.        I will try my best.  It's G-a-e-t-a-n-o, |
| 09:40:02 | 2 | capital D-e, cap M-a-t-t-e-i or i-e.  It's 1%. |
| 09:40:16 | 3 | Q.        It's -- excuse me? |
| | 4 | A.        1%. |
| 09:40:16 | 5 | Q.        And La Collina dal Lago, as we discussed |
| 09:40:20 | 6 | earlier, was involved in a development called |
| 09:40:28 | 7 | La Collina dal Lago? |
| 09:40:28 | 8 | A.        La Collina dal Lago, that is correct. |
| 09:40:30 | 9 | Q.        And that development was located or is located |
| 09:40:33 | 10 | at 750 East Natoma Street? |
| 09:40:36 | 11 | A.        That's correct. |
| 09:40:38 | 12 | Q.        And how many units are in that -- how many |
| 09:40:41 | 13 | lots are in that? |
| 09:40:42 | 14 | A.        38 lots. |
| 09:40:43 | 15 | Q.        Are they all residential lots? |
| 09:40:45 | 16 | A.        Yes, they are.  There is actually more lots, |
| 09:40:47 | 17 | some of them are open space lots.  But the residential |
| 09:40:51 | 18 | lots there are 38 of them. |
| 09:40:53 | 19 | Q.        How many developments besides La Collina dal |
| 09:41:06 | 20 | Lago has La Collina dal Lago, L.P., financed? |
| 09:41:09 | 21 | A.        None. |
| 09:41:09 | 22 | Q.        And is the construction at La Collina dal Lago |
| 09:41:18 | 23 | complete? |
| 09:41:19 | 24 | A.        The infrastructure construction is complete, |
| 09:41:21 | 25 | the house construction is not. |

17

| 11:14:13 | 1 | engineering, or like Veerkamp would have probably a |
| 11:14:17 | 2 | separate category for infrastructure, this was a |
| 11:14:20 | 3 | separate category to dry utilities.  And assuming the |
| 11:14:23 | 4 | bookkeeper put them in the right place this represents |
| 11:14:27 | 5 | those that were paid out for dry utilities. |
| 11:14:29 | 6 | Q.      Okay. |
| 11:14:40 | 7 | A.      And just to clarify, after scanning the |
| 11:14:47 | 8 | document I don't see anything for Burke that is |
| 11:14:53 | 9 | unrelated to dry utilities. |
| 11:14:57 | 10 | Q.      As far as you can tell? |
| 11:14:58 | 11 | A.      As far as I can tell. |
| 11:15:00 | 12 | Q.      Let's turn please to page 76 of Exhibit 2. |
| 11:15:05 | 13 | A.      Okay. |
| 11:15:06 | 14 | Q.      This is a document that was provided this |
| 11:15:12 | 15 | morning.  Can you tell me what this document is? |
| 11:15:15 | 16 | A.      Sure.  It actually kind of lists four main |
| 11:15:18 | 17 | items as it relates to the joint utility trench costs |
| 11:15:25 | 18 | associated with AT&T. |
| 11:15:27 | 19 |         And the first category is trenching, and in |
| 11:15:33 | 20 | the far left column letters are shown reflecting |
| 11:15:37 | 21 | segments of trench, and then based upon who are in that |
| 11:15:41 | 22 | trench. |
| 11:15:42 | 23 |         The B's represent AT&T or SBC.  And the second |
| 11:15:49 | 24 | column is the length of the trench, the third column is |
| 11:15:52 | 25 | the 21.49 that was provided by Valley Utilities as an |

49

| 11:15:57 | 1 | estimate for the trench cost. And then the third is a |
| 11:16:01 | 2 | total of all those lineal footage to get a total price. |
| 11:16:06 | 3 | And then the next column represents the |
| 11:16:08 | 4 | percentages for those trenches that were AT&T's |
| 11:16:14 | 5 | responsibility. |
| 11:16:15 | 6 | And then the second line item is a bore that |
| 11:16:21 | 7 | we paid for that was not on the original estimate done |
| 11:16:26 | 8 | by Valley Utilities. |
| 11:16:28 | 9 | And so if you look under the second row B |
| 11:16:32 | 10 | where it says 329 feet, we took that 110, separated |
| 11:16:39 | 11 | from 329, and added what we believe is a cost for the |
| 11:16:49 | 12 | bore for AT&T across East Natoma Street. |
| 11:16:53 | 13 | And when I say I believe, as I had a total |
| 11:16:56 | 14 | price of 15,000 for two bores, one for AT&T and one for |
| 11:16:59 | 15 | Comcast, I used the 50/50 split, being conservative not |
| 11:17:07 | 16 | knowing what Burke charges for each one independently. |
| 11:17:11 | 17 | I think that's fair because the bid that we |
| 11:17:15 | 18 | got from Veerkamp had $20,000 boring cost and one at |
| 11:17:20 | 19 | 9500 and one at 10,500, and the 10,500 was the one for |
| 11:17:25 | 20 | AT&T. So I just used a 50/50 split on the 15,000. |
| 11:17:29 | 21 | And then I used the pedestal and notches |
| 11:17:32 | 22 | breakdown for Valley Utilities. And then, of course, |
| 11:17:34 | 23 | the change for the 4" hole-liner and came up with |
| 11:17:39 | 24 | 25,843.47. |
| 11:17:41 | 25 | The actual cost, the breakdown, we didn't |

| | | |
|---|---|---|
| 11:17:43 | 1 | receive a breakdown for Burke, you know, on a trench |
| 11:17:47 | 2 | per trench lineal foot of trench basis.  We did from |
| 11:17:51 | 3 | Veerkamp and Valley Utilities.  Veerkamp was $27 per |
| 11:18:01 | 4 | lineal foot and Valley Utilities was 21.49. |
| 11:18:07 | 5 | THE VIDEOGRAPHER:  Excuse me, can I get you to |
| 11:18:10 | 6 | get your mike? |
| 11:18:11 | 7 | THE WITNESS:  I'm sorry.  It's way over here. |
| 11:18:12 | 8 | THE VIDEOGRAPHER:  Thanks. |
| 11:18:13 | 9 | Q.     MS. SCANCARELLI:  When did you create this |
| 11:18:16 | 10 | document? |
| 11:18:17 | 11 | A.     We created this document just breaking it out |
| 11:18:22 | 12 | independently just, you know, this last week. |
| 11:18:25 | 13 | Q.     And why did you create this document? |
| 11:18:27 | 14 | A.     To better define what our costs were related |
| 11:18:31 | 15 | to AT&T. |
| 11:18:31 | 16 | Q.     And when you say this week, do you mean -- can |
| 11:18:35 | 17 | you give me an approximate date?  Do you mean last |
| 11:18:40 | 18 | week? |
| 11:18:40 | 19 | A.     Yeah, this last week. |
| 11:18:41 | 20 | Q.     So the week of June 12th, say -- or was it the |
| 11:18:45 | 21 | week of June 9th? |
| 11:18:46 | 22 | A.     If that's within the last week, yes. |
| 11:18:47 | 23 | Q.     Today is June 16th. |
| 11:18:49 | 24 | A.     Okay. |
| 11:18:50 | 25 | Q.     And you also provided today on page 77 a map. |

51

| 11:18:55 | 1 | What is the purpose of this document? |
| 11:18:58 | 2 | A.        To be able to define these costs right here |
| 11:19:04 | 3 | (indicating). |
| 11:19:04 | 4 | Q.        And when you say "right here," you mean on |
| 11:19:06 | 5 | page 76? |
| 11:19:06 | 6 | A.        That's correct.  We actually took the |
| 11:19:11 | 7 | composite that was prepared by Dan Crockel, scanned |
| 11:19:15 | 8 | that into that scale to a CAD document, and then |
| 11:19:20 | 9 | calculated all the distances and highlighted those |
| 11:19:25 | 10 | facilities that were AT&T's. |
| 11:19:28 | 11 | Q.        And when you say "we," who is "we"? |
| 11:19:32 | 12 | A.        My draftsman and myself. |
| 11:19:36 | 13 | Q.        And when did you do that? |
| 11:19:37 | 14 | A.        Last week in preparation of this summary. |
| 11:19:41 | 15 | Q.        And when you say in preparation of this |
| 11:19:43 | 16 | summary, you mean the document on page 76? |
| 11:19:46 | 17 | A.        That's correct. |
| 11:19:56 | 18 |         MR. MARKHAM:  Let's go off the record for half |
| 11:19:57 | 19 | a second. |
| 11:19:58 | 20 |         THE VIDEOGRAPHER:  We are off record at 11:19. |
|          | 21 |         (Break.) |
| 11:20:43 | 22 |         THE VIDEOGRAPHER:  We are back on record at |
| 11:20:45 | 23 | 11:20. |
| 11:20:45 | 24 |         MR. MARKHAM:  I will just have the record |
| 11:20:49 | 25 | reflect we wanted to go off record so we could make an |

52

| | | |
|---|---|---|
| 11:20:54 | 1 | adjustment to room temperature. |
| 11:21:00 | 2 | Q.        MS. SCANCARELLI:  Mr. Bernau, we have talked |
| 11:21:02 | 3 | about installation that was provided by La Collina dal |
| 11:21:07 | 4 | Lago to AT&T, and that installation included materials |
| 11:21:13 | 5 | and trenching; is that correct? |
| 11:21:16 | 6 | A.        It included trenching and a bore and the |
| 11:21:26 | 7 | installation of these pedestals and notches. |
| 11:21:29 | 8 | Q.        And it included then the items on page 76; is |
| 11:21:34 | 9 | that correct, page 76 of Exhibit 2? |
| 11:21:35 | 10 | A.        I believe that's correct. |
| 11:21:36 | 11 | Q.        And some of these -- some of these -- some of |
| 11:21:48 | 12 | the trenching that's listed here was not for AT&T, |
| 11:21:51 | 13 | correct? |
| 11:21:51 | 14 | A.        The column to the far left that says LF, |
| 11:21:58 | 15 | lineal feet, is the total lineal feet as calculated off |
| 11:22:02 | 16 | the composite. |
| 11:22:05 | 17 | Q.        According to your counsel, La Collina dal Lago |
| 11:22:16 | 18 | is prepared to affirm that Rule 15 requires AT&T to |
| 11:22:25 | 19 | bear the full cost of its prorata share of joint |
| 11:22:30 | 20 | trenching and the materials that are provided to it. |
| 11:22:32 | 21 |           Are you familiar with 15 of the AT&T tariff? |
| 11:22:34 | 22 | A.        I'm not -- I haven't read Rule 15.  It was my |
| 11:22:41 | 23 | understanding -- |
| 11:22:43 | 24 |           MR. MARKHAM:  You have answered the question. |
| 11:22:43 | 25 |           THE WITNESS:  All right. |

53

| 02:15:02 | 1 | poles that SMUD are going to set. Because we just did |
| 02:15:07 | 2 | this on Friday we did not have time to contact our |
| 02:15:12 | 3 | backhoe operator that has been paid the 30,948. There |
| 02:15:17 | 4 | may be an outstanding bill out there; we think, though, |
| 02:15:20 | 5 | that we have got most of it. |
| 02:15:21 | 6 | Q.     Bernau Development Corporation has financed |
| 02:15:30 | 7 | Morning Walk, correct? |
| 02:15:31 | 8 | A.     Correct. |
| 02:15:31 | 9 | Q.     And what does that mean? |
| 02:15:33 | 10 | A.     Bernau Development Corporation applied for and |
| 02:15:40 | 11 | received an acquisition and development loan that paid |
| 02:15:42 | 12 | for the acquisition of the land and for a substantial |
| 02:15:46 | 13 | portion of the infrastructure, and we have equity that |
| 02:15:50 | 14 | we have to put into the project, as well. So you can't |
| 02:15:52 | 15 | really attribute it to land or infrastructure, but they |
| 02:15:57 | 16 | financed the infrastructure and the portion of the |
| 02:15:59 | 17 | land. |
| 02:15:59 | 18 | Q.     Has Bernau Development Corporation financed |
| 02:16:02 | 19 | other developments besides Morning Walk? |
| 02:16:04 | 20 | A.     Yes. |
| 02:16:05 | 21 | Q.     And what are some other developments that |
| 02:16:08 | 22 | Bernau Development Corporation has financed? |
| 02:16:10 | 23 | A.     La Collina we just spoke about. |
| 02:16:13 | 24 | Q.     It financed it in its role as general partner |
| 02:16:17 | 25 | of La Collina dal Lago -- |

123

| | | |
|---|---|---|
| 02:16:18 | 1 | A.       But also as a corporate guaranty.  So Bernau |
| 02:16:22 | 2 | Development Corporation was on the hook on the |
| 02:16:25 | 3 | La Collina, as was I personally, and on both of these |
| 02:16:28 | 4 | loans for Morning Walk, as well. |
| 02:16:32 | 5 | Q.       Okay.  Other developments that Bernau |
| 02:16:36 | 6 | Development Corporation has financed besides Morning |
| 02:16:38 | 7 | Walk and La Collina? |
| 02:16:39 | 8 | A.       The acquisition from the redevelopment agency |
| 02:16:45 | 9 | is Bernau Development Corporation through Folsom |
| 02:16:52 | 10 | Railroad Block Developers, LLC.  But that's not -- the |
| 02:17:01 | 11 | acquisition financing hasn't closed on that yet, but |
| 02:17:04 | 12 | will be. |
| 02:17:04 | 13 | Q.       And let me try to restate what you have said. |
| 02:17:11 | 14 | I'm going to look at this, but you correct me if I have |
| 02:17:13 | 15 | got it wrong. |
| 02:17:18 | 16 | Bernau Development Corporation is working |
| 02:17:21 | 17 | through Folsom Railroad Block Developers? |
| 02:17:25 | 18 | A.       Uh-huh. |
| 02:17:26 | 19 | Q.       LLC. |
| 02:17:27 | 20 | A.       Correct. |
| 02:17:27 | 21 | Q.       Is Bernau Development Corporation a member of |
| 02:17:32 | 22 | the limited liability or shareholder in the limited -- |
| 02:17:36 | 23 | A.       It's a managing member. |
| 02:17:40 | 24 | Q.       And this is a project where the financing has |
| 02:17:44 | 25 | not yet come through, but if things develop as you |

ESQUIRE DEPOSITION SERVICES
800.770.3363

| | | |
|---|---|---|
| 02:17:46 | 1 | expect then Bernau Development Corporation will be |
| 02:17:50 | 2 | financing that development? |
| 02:17:52 | 3 | A.        Correct. |
| 02:17:54 | 4 | Q.        Go on. |
| 02:17:55 | 5 | A.        There has also been other, for instance, I |
| 02:17:59 | 6 | think when we started Hannaford Cross, Bernau |
| 02:18:02 | 7 | Development Corporation wasn't formed yet, I was |
| 02:18:04 | 8 | personally on that loan for Hannaford Cross Venture, |
| 02:18:07 | 9 | for example. |
| 02:18:07 | 10 | And so I may -- in Sutter Court I am |
| 02:18:10 | 11 | personally, and Bernau Development Corporation is not |
| 02:18:21 | 12 | included in Sutter Court. |
| 02:18:24 | 13 | Q.        I understand, that's fine. |
| 02:18:27 | 14 | A.        All right. |
| 02:18:27 | 15 | Q.        What sort of development is Folsom Railroad |
| 02:18:32 | 16 | Block going to be? |
| 02:18:34 | 17 | A.        A transit oriented development. |
| | 18 | Q.        Transit? |
| 02:18:39 | 19 | A.        Transit oriented development. |
| 02:18:39 | 20 | Q.        And what is the plan to have in that |
| 02:18:43 | 21 | development? |
| 02:18:44 | 22 | A.        A portion of it is owned by the City, which is |
| 02:18:47 | 23 | a public plaza of about 2.6 acres.  A parking garage |
| 02:18:52 | 24 | that you may have parked in across the street.  And |
| 02:18:57 | 25 | then four buildings that total 109,000 square feet of |

125

| | | |
|---|---|---|
| 02:47:29 | 1 | Thank you. |
| 02:47:29 | 2 | MS. SCANCARELLI:  I would like to ask a couple |
| 02:47:32 | 3 | of quick follow-up questions. |
| 02:47:36 | 4 | EXAMINATION BY MS. SCANCARELLI |
| 02:47:37 | 5 | Q.    Mr. Bernau, in the Morning Walk development, |
| 02:47:48 | 6 | as far as you know, are there any precast concrete |
| 02:47:51 | 7 | vaults for telephone structures? |
| 02:47:55 | 8 | A.    The only box is the 30 by 48 by 36 that we |
| 02:48:01 | 9 | were discussing that is in the three bids. |
| 02:48:05 | 10 | Q.    And that's the box where AT&T specified the |
| 02:48:07 | 11 | use of a New Basis box; is that correct? |
| 02:48:09 | 12 | A.    They gave us a specification for a New Basis |
| 02:48:13 | 13 | box. |
| 02:48:13 | 14 | Q.    And as far as you know were there any precast |
| 02:48:17 | 15 | concrete telephone boxes in the La Collina dal Lago |
| 02:48:21 | 16 | subdivision? |
| 02:48:22 | 17 | A.    I don't know that for a fact.  I would have to |
| 02:48:24 | 18 | look at the plan, that's not something that I reviewed. |
| 02:48:26 | 19 | Q.    Who would know other than you? |
| 02:48:30 | 20 | A.    Alan may know.  But it would be best actually |
| 02:48:34 | 21 | to just go out and walk the project or look at the |
| 02:48:38 | 22 | composite in detail, and I didn't look at that, |
| 02:48:41 | 23 | frankly. |
| 02:48:42 | 24 | MR. MARKHAM:  We will provide that |
| 02:48:43 | 25 | information. |

140

| 02:53:37 | 1 | have AT&T or a land line in the trench. |
| 02:53:41 | 2 | There is also connection issues associated |
| 02:53:43 | 3 | with that, and La Collina happens to be an area where |
| 02:53:46 | 4 | connection from cell is not as great as in other parts |
| 02:53:59 | 5 | of the city.  There is a -- I drive that way and I drop |
| 02:54:02 | 6 | every time I go by La Collina on the way home. |
| 02:54:05 | 7 | Q.      So when you say there is an expectation, there |
| 02:54:07 | 8 | is a expectation among the home buyers that they would |
| 02:54:12 | 9 | have cable TV and land line telephone service? |
| 02:54:14 | 10 | A.      I think that definitely at La Collina there is |
| 02:54:16 | 11 | an expectation.  I think there is probably an |
| 02:54:17 | 12 | expectation at Morning Walk, as well.  However, who |
| 02:54:20 | 13 | knows what will happen with technology. |
| 02:54:23 | 14 | Q.      Okay. |
| 02:54:24 | 15 | A.      You know, as hard as it is to sell homes right |
| 02:54:25 | 16 | now, it would probably not be bright for us not to have |
| 02:54:28 | 17 | a land line available. |
| 02:54:29 | 18 | Q.      Okay.  Back to on Exhibit 2, page 76, I |
| 02:54:38 | 19 | believe Ms. Scancarelli asked you if you knew if there |
| 02:54:44 | 20 | were any precast concrete boxes in the La Collina |
| 02:54:50 | 21 | development -- |
| 02:54:51 | 22 | A.      What page?  I'm sorry. |
| 02:54:52 | 23 | Q.      Page 76 of Exhibit 2. |
| 02:54:55 | 24 | A.      Okay. |
| 02:55:05 | 25 | Q.      76? |

145

| | | |
|---|---|---|
| 02:55:05 | 1 | A.    I'm dyslexic here. |
| 02:55:08 | 2 | Q.    That's it.  If there was a precast concrete |
| _:55:16 | 3 | vault or manhole or box associated with -- installed at |
| 02:55:21 | 4 | the La Collina development as part of the telephone |
| 02:55:26 | 5 | infrastructure, wouldn't that structure be included |
| 02:55:31 | 6 | here on this page 76? |
| 02:55:33 | 7 | A.    Based upon the way we fill out the Form B for |
| 02:55:37 | 8 | Morning Walk, yes. |
| 02:55:39 | 9 | Q.    Okay. |
| 02:55:39 | 10 | A.    But we didn't fill out this Form B, and |
| 02:55:41 | 11 | frankly I was not -- |
| 02:55:44 | 12 | Q.    You are looking at Form B now, I was looking |
| 02:55:46 | 13 | at page 76. |
| 02:55:47 | 14 | A.    I'm sorry. |
| _2:55:51 | 15 | We pulled this right off the -- I don't know |
| 02:55:56 | 16 | because we don't have receipts for Burke, they didn't |
| 02:55:59 | 17 | give us their actual cost.  And so -- because they were |
| 02:56:03 | 18 | acting as the general contractor.  And so unless I |
| 02:56:07 | 19 | looked at the plan I couldn't determine whether there |
| 02:56:09 | 20 | were or not.  The composite would call it out and you |
| 02:56:14 | 21 | can look at the composite. |
| 02:56:15 | 22 | Q.    That's different than this page 77? |
| 02:56:19 | 23 | A.    No, this is -- this is the -- |
| 02:56:34 | 24 | Q.    Wouldn't it be -- |
| 02:56:35 | 25 | A.    I see a pedestal and I see notches, but I |

146

02:56:42  1    don't see a precast vault or box.

02:56:51  2    Q.        And those pedestals and notches are listed on

02:56:54  3    this Exhibit 76 -- I'm sorry, Exhibit 2, page 76, the

02:56:58  4    pedestal and notches that you see on page 77 are listed

02:57:02  5    on page 76; is that right?

02:57:05  6    A.        The ones that relate to the telephone, because

02:57:09  7    these are telephone.

02:57:11  8    Q.        Okay.

02:57:11  9    A.        So based on this, I would say that there is

02:57:13  10   not a precast vault out there for AT&T but --

02:57:18  11   Q.        For La Collina?

02:57:20  12   A.        For La Collina.  But I have to confirm it.

02:57:22  13   Q.        And we know that there is not one in the

02:57:24  14   Morning Walk construction because there is no box in

02:57:27  15   the ground at all.

02:57:27  16   A.        There is no box for AT&T, there is other boxes

02:57:30  17   and there is other precast vaults out there for SMUD.

02:57:34  18   Q.        But not for AT&T?

02:57:35  19   A.        That's correct.

02:57:37  20         MR. BOLANOS:  I don't have any more questions.

02:57:38  21         MR. MARKHAM:  I have just one follow up

02:57:40  22   question.

02:57:41  23           EXAMINATION BY MR. MARKHAM

02:57:41  24   Q.        When you say there is no box in the ground for

02:57:44  25   Morning Walk, you mean no precast concrete box?

147

| | | |
|---|---|---|
| 02:57:47 | 1 | A.        For AT&T. |
| 02:57:49 | 2 | Q.        Correct. |
| 02:57:53 | 3 | A.        There are other precast vaults at Morning |
| 02:57:59 | 4 | Walk, but they are not AT&T. |
| 02:58:00 | 5 | Q.        And if I could direct your attention to |
| 02:58:02 | 6 | Exhibit 6. |
| 02:58:04 | 7 | A.        Okay, yes. |
| 02:58:11 | 8 | Q.        And if we go to page 1 you see where it says |
| 02:58:15 | 9 | "Box." |
| 02:58:15 | 10 | A.        Yes. |
| 02:58:15 | 11 | Q.        So there is a box, but it's a power box? |
| 02:58:17 | 12 | A.        No, it's just not there yet.  There had to be |
| 02:58:21 | 13 | one.  So, I'm sorry, I need to clarify. |
| 02:58:21 | 14 | According to the plan there is a 40 by 48 by |
| 02:58:24 | 15 | 36 inch box required at Morning Walk.  That box has not |
| 02:58:29 | 16 | been purchased, these are bids and we have chose the |
| 02:58:32 | 17 | low bid in this summary.  We have not purchased a box |
| 02:58:37 | 18 | that has been approved by AT&T.  There was a box |
| 02:58:41 | 19 | purchased, and I think it's Maurice the inspector said |
| 02:58:45 | 20 | it is not satisfactory. |
| 02:58:47 | 21 | Q.        Okay.  Now, when Bernau Development |
| 02:58:52 | 22 | Corporation interacted with AT&T, AT&T indicated these |
| 02:58:58 | 23 | are the prices we set for these items? |
| 02:59:00 | 24 | A.        Correct. |
| 02:59:01 | 25 | Q.        Okay.  And did AT&T indicate this is a |

148

1                       REPORTER'S CERTIFICATE

2

3        I certify that the witness in the foregoing

4  deposition was by me duly sworn to testify in the

5  within-entitled cause; that said deposition was taken

6  at the time and place therein named; that the testimony

7  of said witness was reported by me, a duly Certified

8  Shorthand Reporter of the State of California

9  authorized to administer oaths and affirmations, and

10  said testimony was thereafter transcribed into

11  typewriting.

12        I further certify that I am not of counsel or

13  attorney for either or any of the parties to said

14  deposition, nor in any way interested in the outcome of

15  the cause named in said deposition.

16        IN WITNESS WHEREOF, I have hereunto set my hand

17  this 17th day of June, 2008.

18

19

20

21        SHARON CABELLO

22        Certified Shorthand Reporter
           State of California

23        Certificate No. 3080

24

25

153

La Collina dal Lago - Joint Trench
AT&T

**1. TRENCHING**

| | LF | $/LF | Price | % | Total |
|---|---|---|---|---|---|
| A | 1,247 | 21.49 | 26,798.03 | | |
| B | 329 | 21.49 | 7,070.21 | 100% | 7,070.21 |
| C | 64 | 21.49 | 1,375.36 | | |
| AB | 182 | 21.49 | 3,911.18 | 24% | 938.68 |
| AD | 840 | 21.49 | 18,051.60 | | |
| BC | 56 | 21.49 | 1,203.44 | 50% | 601.72 |
| ACD | 404 | 21.49 | 8,681.96 | | |
| ABCD | 2,411 | 21.49 | 51,812.39 | 17% | 8,808.11 |
| Subtotal | 5,533 | | 118,904.17 | | |
| | | | | | 17,418.72 |

**2. BORE**

| | LF | $/LF | Price | % | Total |
|---|---|---|---|---|---|
| B | 110 | 68.18 | 7,500.00 | 1.00 | 7,500.00 |
| Subtotal | 110 | | 7,500.00 | | |
| | | | | | 7,500.00 |

**3. PEDESTALS & NOTCHES**

| | | | Price | % | Total |
|---|---|---|---|---|---|
| B | 9 | 40.00 | 360.00 | 1.00 | 360.00 |
| BC | 1 | 75.00 | 75.00 | 0.50 | 37.50 |
| ABD | 1 | 150.00 | 150.00 | 0.09 | 12.75 |
| ABCD | 22 | 150.00 | 3,300.00 | 0.07 | 214.50 |
| Subtotal | 33 | | 3,885.00 | | |
| | | | | | 624.75 |

| | | | Price | % | Total |
|---|---|---|---|---|---|
| 4" hole-liner | 150 | 2.00 | 300.00 | 1.00 | 300.00 |
| Subtotal | | | 300.00 | | |
| | | | | | 300.00 |

**Grand Total**

25,843.47

76

1  FOLGER LEVIN & KAHN LLP
   Michael A. Kahn (CSB No. 057432, mkahn@flk.com)
2  Beatrice B. Nguyen (CSB No. 172961, bnguyen@flk.com)
   Janine L. Scancarelli (CSB No. 197202, jscancarelli@flk.com)
3  Embarcadero Center West
   275 Battery Street, 23rd Floor
4  San Francisco, CA  94111
   Telephone: (415) 986-2800
5  Facsimile: (415) 986-2827

6  Attorneys for Defendant Oldcastle Precast, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12 JENSEN ENTERPRISES, INC.,            Case No. C-06-0247 SI (JCS)

13           Plaintiff,                 **DEFENDANT OLDCASTLE PRECAST,**
                                        **INC.'S NOTICE OF DEPOSITION OF LA**
14      v.                             **COLLINA DAL LAGO, L.P. (Fed. R. Civ. P.**
                                        **30(b)(6))**
15 OLDCASTLE PRECAST, INC.; PACIFIC
   BELL TELEPHONE COMPANY; SBC
16 SERVICES, INC.; and NEVADA BELL
   TELEPHONE COMPANY,
17                                      ┌─────────────────────┐
                                        │   **EXHIBIT**        │
18           Defendant.                 │   *BFRNAV*           │
                                        │         |            │
19                                      │  6/16/08      SC     │
                                        └─────────────────────┘
20         PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

21 Procedure, Defendant Oldcastle Precast, Inc., by and through its counsel, will take the deposition

22 upon oral examination of non-party La Collina dal Lago, L.P. ("La Collina") with regard to the

23 matters set forth in Attachment 1 hereto.  The deposition will commence at 9:00 a.m. on June 16,

24 2008, and will continue from day to day until completed, at 921 Sutter Street, Folsom, California,

25 95630.  The deposition will be taken under oath and before a notary public or other person

26 authorized to administer an oath.  The deposition will be recorded by stenographic means by a

27 certified court reporter and may be recorded by audio-visual means.

28         PLEASE ALSO TAKE NOTICE that pursuant to Rule 34 of the Federal Rules of Civil

OLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

DEFENDANT OLDCASTLE PRECAST, INC.'S
NOTICE OF DEPOSITION OF LA COLLINA DAL
LAGO, L.P.; CASE NO. C-06-0247 SI (JCS)

1   Procedure, the deponent is required to produce documents listed in Attachment 2 prior to or at the

2   deposition.

3   Dated:  June 11, 2008                              FOLGER LEVIN & KAHN LLP

4

5                                                              /s/
                                                       Janine L. Scancarelli
6                                                      Attorneys for Defendant
                                                       Oldcastle Precast, Inc.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## ATTACHMENT 1

2

## DEFINITIONS

3    1.    "AT&T" refers to defendants Pacific Bell Telephone Company and/or Nevada

4  Bell Telephone Company and/or SBC Services Inc.

5    2.    "THE INSTALLATION" refers to the developer-provided installation provided by

6  La Collina to AT&T in a 38-lot residential development at 700 East Natoma Street, Folsom,

7  California.

8

## MATTERS FOR EXAMINATION

9    1.    Negotiations for the trench agreement by which La Collina agreed to provide THE

10  INSTALLATION to AT&T.

11    2.    Execution of the trench agreement by which La Collina agreed to provide THE

12  INSTALLATION to AT&T.

13    3.    La Collina's construction of THE INSTALLATION.

14    4.    The cost to La Collina of providing THE INSTALLATION to AT&T.

15    5.    Payment or compensation or consideration provided by AT&T to La Collina for

16  THE INSTALLATION.

17    6.    AT&T's obligations to La Collina under Rule 15.

18    7.    AT&T's calculations in setting sums AT&T agreed to pay La Collina for THE

19  INSTALLATION.

20    8.    The extent to which La Collina paid for part of AT&T's core infrastructure.

21

22

23

24

25

26

27

28

JLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-3-

**ATTACHMENT 2**

**DOCUMENTS TO BE PRODUCED BY LA COLLINA DAL LAGO, L.P.**

**DEFINITIONS**

1.    "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, and includes, without limitation, the original of any information in any written, recorded, or graphic form, whether stored on paper, videotape, optical recording media (*e.g.,* laser disks), magnetic recording media (*e.g.,* floppy or other computer diskettes, hard drives, audio or data tapes or backups), or electronic or electrical recording media (*e.g.,* RAM or ROM), as well as all drafts and non-identical copies. A draft or non-identical copy is a separate document within the meaning of this term.

2.    "RELATING TO" means in any way, directly or indirectly, concerning, regarding, pertaining to, discussing, describing, reflecting, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, modifying, amending, confirming, endorsing, representing, supporting, qualifying, terminating, revoking, canceling, contracting or negating, in whole or in part.

3.    "AT&T" refers to defendants Pacific Bell Telephone Company and/or Nevada Bell Telephone Company and/or SBC Services Inc.

4.    "THE INSTALLATION" refers to the developer-provided installation provided by La Collina to AT&T in a 38-lot residential development at 700 East Natoma Street, Folsom, California.

**REQUESTS FOR DOCUMENTS**

**REQUEST NO. 1:**

The trench agreement by which La Collina agreed to provide THE INSTALLATION to AT&T.

**REQUEST NO. 2:**

All DOCUMENTS RELATING TO the trench agreement by which La Collina agreed to provide THE INSTALLATION to AT&T.

.GER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-4-

DEFENDANT OLDCASTLE PRECAST, INC.'S
NOTICE OF DEPOSITION OF LA COLLINA DAL
LAGO, L.P.; CASE NO. C-06-0247 SI (JCS)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REQUEST NO. 3:**

All DOCUMENTS RELATING TO to the cost to La Collina of providing THE INSTALLATION, including but not limited to all documents RELATING TO amounts expended for materials and trenching.

**REQUEST NO. 4:**

All DOCUMENTS RELATING TO payment or compensation or other consideration from AT&T to La Collina for THE INSTALLATION.

71073\6001\604952.1

OLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-5-

DEFENDANT OLDCASTLE PRECAST, INC.'S
NOTICE OF DEPOSITION OF LA COLLINA DAL
LAGO, L.P.; CASE NO. C-06-0247 SI (JCS)

1    FOLGER LEVIN & KAHN LLP
     Michael A. Kahn (CSB No. 057432, mkahn@flk.com)
2    Beatrice B. Nguyen (CSB No. 172961, bnguyen@flk.com)
     Janine L. Scancarelli (CSB No. 197202, jscancarelli@flk.com)
3    Embarcadero Center West
     275 Battery Street, 23rd Floor
4    San Francisco, CA  94111
     Telephone: (415) 986-2800
5    Facsimile: (415) 986-2827

6    Attorneys for Defendant Oldcastle Precast, Inc.

7

8                        UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11

12   JENSEN ENTERPRISES, INC.,               Case No. C-06-0247 SI (JCS)

13                Plaintiff,                 **DEFENDANT OLDCASTLE PRECAST,**
                                             **INC.'S NOTICE OF DEPOSITION OF**
14        v.                                 **BERNAU DEVELOPMENT**
                                             **CORPORATION (Fed. R. Civ. P. 30(b)(6))**
15   OLDCASTLE PRECAST, INC.; PACIFIC
     BELL TELEPHONE COMPANY; SBC
16   SERVICES, INC.; and NEVADA BELL
     TELEPHONE COMPANY,
17
                 Defendant.
18

19

20        PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

21   Procedure, Defendant Oldcastle Precast, Inc., by and through its counsel, will take the deposition

22   upon oral examination of non-party Bernau Development Corporation. ("BDC") with regard to

23   the matters set forth in Attachment 1 hereto.  The deposition will commence at 1 p.m. on June 16,

24   2008, and will continue from day to day until completed, at 921 Sutter Street, Folsom, California,

25   95630.  The deposition will be taken under oath and before a notary public or other person

26   authorized to administer an oath.  The deposition will be recorded by stenographic means by a

27   certified court reporter and may be recorded by audio-visual means.

28        PLEASE ALSO TAKE NOTICE that pursuant to Rule 34 of the Federal Rules of Civil

EXHIBIT
BERNAU
4
6/16/08          SC

1  Procedure, the deponent is required to produce documents listed in Attachment 2 prior to or at the

2  deposition.

3  Dated:  June 11, 2008                    FOLGER LEVIN & KAHN LLP

4

5                                              /s/
6                                     Janine L. Scancarelli
                                     Attorneys for Defendant
7                                    Oldcastle Precast, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTACHMENT 1

## DEFINITIONS

1.    "AT&T" refers to defendants Pacific Bell Telephone Company and/or Nevada Bell Telephone Company and/or SBC Services Inc.

2.    "THE INSTALLATION" refers to the developer-provided installation which BDC is completing to provide to AT&T in an 8-lot residential development at 800 East Natoma Street, Folsom, California.

## MATTERS FOR EXAMINATION

1.    Negotiations for the trench agreement by which BDC agreed to provide THE INSTALLATION to AT&T.

2.    Execution of the trench agreement by which BDC agreed to provide THE INSTALLATION to AT&T.

3.    BDC's construction of THE INSTALLATION.

4.    The cost to BDC of providing THE INSTALLATION to AT&T.

5.    Payment or compensation or consideration provided by AT&T to BDC for THE INSTALLATION.

6.    AT&T's obligations to BDC under Rule 15.

7.    AT&T's calculations in setting sums AT&T agreed to pay BDC for THE INSTALLATION.

8.    The extent to which BDC will bear the cost of part of AT&T's core infrastructure.

OLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-3-

DEFENDANT OLDCASTLE PRECAST, INC.'S
NOTICE OF DEPOSITION OF BERNAU
DEVELOPMENT CORP.; CASE NO. C-06-0247 SI (JCS)

1

## ATTACHMENT 2

2

### DOCUMENTS TO BE PRODUCED BY BERNAU DEVELOPMENT CORPORATION

3

### DEFINITIONS

4      1.      "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the

5    usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, and includes, without

6    limitation, the original of any information in any written, recorded, or graphic form, whether

7    stored on paper, videotape, optical recording media (*e.g.*, laser disks), magnetic recording media

8    (*e.g.*, floppy or other computer diskettes, hard drives, audio or data tapes or backups), or

9    electronic or electrical recording media (*e.g.*, RAM or ROM), as well as all drafts and non-

10   identical copies.  A draft or non-identical copy is a separate document within the meaning of this

11   term.

12      2.      "RELATING TO" means in any way, directly or indirectly, concerning, regarding,

13   pertaining to, discussing, describing, reflecting, containing, analyzing, studying, reporting on,

14   commenting on, evidencing, constituting, setting forth, considering, recommending, modifying,

15   amending, confirming, endorsing, representing, supporting, qualifying, terminating, revoking,

16   canceling, contracting or negating, in whole or in part.

17      3.      "AT&T" refers to defendants Pacific Bell Telephone Company and/or Nevada

18   Bell Telephone Company and/or SBC Services Inc.

19      4.      "THE INSTALLATION" refers to the developer-provided installation which BDC

20   is constructing or has constructed for AT&T in an 8-lot residential development at 800 East

21   Natoma Street, Folsom, California.

22

### REQUESTS FOR DOCUMENTS

23   **REQUEST NO. 1:**

24      The trench agreement by which BDC agreed to provide THE INSTALLATION to AT&T.

25   **REQUEST NO. 2:**

26      All DOCUMENTS RELATING TO the trench agreement by which BDC agreed to

27   provide THE INSTALLATION to AT&T.

28

-4-

1    **REQUEST NO. 3:**

2        All DOCUMENTS RELATING TO to the cost to BDC of providing THE

3    INSTALLATION, including but not limited to all documents RELATING TO amounts expended

4    for materials and trenching.

5    **REQUEST NO. 4:**

6        All DOCUMENTS RELATING TO payment or compensation or other consideration

7    from AT&T to BDC for THE INSTALLATION.

8

      71073\6001\604953.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT OLDCASTLE PRECAST, INC.'S
NOTICE OF DEPOSITION OF BERNAU
DEVELOPMENT CORP.; CASE NO. C-06-0247 SI (JCS)