FOLGER LEVIN & KAHN LLP
Michael A. Kahn (CSB No. 057432, mkahn@flk.com)
Beatrice B. Nguyen (CSB No. 172961, bnguyen@flk.com)
Janine L. Scancarelli (CSB No. 197202, jscancarelli@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Defendant Oldcastle Precast, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LA COLLINA DAL LAGO, L.P.; BERNAU DEVELOPMENT CORPORATION; and all similarly situated legal persons,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY; NEVADA BELL TELEPHONE COMPANY; AT&T SERVICES, INC.; and OLDCASTLE PRECAST, INC.,<br><br>Defendants. | Case No. C-08-2451 SI<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT OLDCASTLE PRECAST, INC.'S MOTION TO DISMISS COMPLAINT**<br><br>Date:      October 3, 2008<br>Time:     9:00 a.m.<br>Judge:    Honorable Susan Illston<br>Courtroom: 10, 19th Floor |

On October 3, 2008, at 9:00 a.m., the motion brought by Defendant Oldcastle Precast, Inc., ("Oldcastle") to dismiss the Complaint of Plaintiffs La Collina dal Lago, L.P. and Bernau Development Corporation (collectively, "Plaintiffs") came on for hearing. After full consideration of the points and authorities and all supporting documents submitted by counsel, as well as the oral argument by counsel, for good cause shown:

**IT IS HEREBY ORDERED** that Oldcastle's Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject-matter jurisdiction, and Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, is GRANTED.  Because the

Plaintiffs cannot amend their complaint to state a cause of action, the Complaint is dismissed with prejudice, without leave to amend, as explained more fully below.

1.  Plaintiffs lack standing to bring any claim under Article III of the United States Constitution against Oldcastle because they have not, and cannot, allege any harm that is "fairly traceable" to any conduct by Oldcastle. *Gest v. Bradbury,* 443 F.3d 1177, 1181 (9th Cir. 2006). Plaintiffs have not purchased any precast concrete telephone vaults, and therefore have not sustained any injury traceable to an alleged agreement regarding the sale of, or reimbursement for, such vaults. In addition, to the extent Plaintiffs allege that they were under-reimbursed by AT&T, that injury is not traceable to any conduct by Oldcastle. *Id.* at 1181-82.

2.  Plaintiffs' **first cause of action** for violation of California's Unfair Competition Law (California Business & Professions Code § 17200 *et seq.*) (the "UCL") fails to state a claim against Oldcastle because Plaintiffs have not suffered any injury in fact or lost any money or property because of any unfair act by Oldcastle. Accordingly, Plaintiffs lack standing to bring a claim under the UCL. *Hall v. Time, Inc.,* 158 Cal. App. 4th 847, 849 (2008). Plaintiffs have not purchased any precast concrete telephone vaults from Oldcastle or any other manufacturer, nor were they under-reimbursed by AT&T for such vaults. Even if Plaintiffs had been under-reimbursed by AT&T, that harm was not caused by Oldcastle. *Daro v. Super. Ct*., 151 Cal. App. 4th 1079, 1099 (2007). In addition, Plaintiffs' claim against Oldcastle under the UCL fails because they are not entitled to the equitable remedies of restitution or injunctive relief. *Bradstreet v. Wong,* 161 Cal. App. 4th 1440, 1460-61 (2008); *Daro,* 151 Cal. App. 4th at 1098, 1100.

3.  Plaintiffs' **third cause of action** for violation of Section 1 of the Sherman Act (15 U.S.C. § 1) fails to state a claim because (1) Plaintiffs lack antitrust standing to bring such a claim; and (2) they have not adequately alleged that Oldcastle made a conscious commitment to an illegal scheme. Plaintiffs lack standing because they have not alleged that they suffered any antitrust injury that was caused by any anticompetitive act by Oldcastle. *Cargill, Inc. v. Monfort of Colo., Inc*., 479 U.S. 104, 113 (1986). Plaintiffs did not purchase any precast concrete telephone vault from Oldcastle or any other manufacturer. Moreover, any injury they allegedly

1  sustained as a result of under-reimbursement by AT&T was not caused by Oldcastle.  Plaintiffs

2  also lack standing because they allege that they made all purchases of materials for AT&T

3  installations <u>indirectly</u> through contractors.  *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 736

4  (1977).  Plaintiffs' claim under Section 1 of the Sherman Act also fails to state a claim because

5  they have not alleged facts that give rise to a reasonable inference that Oldcastle made any

6  conscious commitment to any illegal scheme with regard to AT&T's reimbursement practices, or

7  that AT&T made any conscious commitment to Oldcastle's pricing practices for sales to

8  contractors.  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007); *Monsanto Co. v. Spray-*

9  *Rite, Inc.*, 465 U.S. 752, 764 (1984).

10         4.      Plaintiffs' **fourth and fifth causes of action** for violation of Section 2 of the

11  Sherman Act (15 U.S.C. § 2) fail to state a claim against Oldcastle because, as discussed above,

12  Plaintiffs lack antitrust standing to bring such a claim.  Plaintiffs have not alleged that they have

13  sustained an antitrust injury caused by any anticompetitive act by Oldcastle, nor that they made

14  any direct (as opposed to indirect) purchases of materials used in AT&T installations.  Plaintiffs'

15  fifth cause of action for alleged conspiracy to monopolize fails for the additional reason that they

16  have not adequately alleged that both AT&T and Oldcastle entered into an agreement with the

17  specific intent to monopolize any relevant market.  *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*,

18  627 F.2d 919, 926 (9th Cir. 1980).

19         5.      Plaintiffs' **sixth cause of action** for violation of the Clayton Act (15 U.S.C. § 14)

20  fails to state a claim against Oldcastle because, as discussed above, Plaintiffs lack antitrust

21  standing to bring such a claim.  They have not alleged that they have sustained and antitrust

22  injury caused by any anticompetitive act by Oldcastle, or that they made any direct (as opposed to

23  indirect) purchases of materials used in AT&T installations.

24         6.      The other cause of action identified by Plaintiffs as their **"sixth" cause of action**,

25  for violation of California's Cartwright Act (California Business and Professions Code § 16720,

26  *et seq.*), fails to state a claim against Oldcastle for two of the same reasons as their cause of action

27  under Section 1 of the Sherman Act:  (1) Plaintiffs lack antitrust standing because they do not

28  allege that they sustained an antitrust injury that was caused by any anticompetitive act by

FOLGER LEVIN &
KAHN LLP
ATTORNEYS AT LAW

-3-         [PROPOSED] ORDER GRANTING DEFENDANT
            OLDCASTLE PRECAST, INC.'S MOTION TO DISMISS
            COMPLAINT; CASE NO. C-08-2451 SI

Oldcastle; and (2) Plaintiffs do not allege that Oldcastle made a conscious commitment to an illegal scheme. *Kunert v. Mission Fin. Servs. Corp.*, 110 Cal. App. 4th 242, 262 n.15 (2003).

7. Plaintiffs **seventh cause of action** for violation of the Nevada Unfair Trade Practice Act (N.R.S. 598A.010 *et seq*.) ("UTPA") fails to state a claim against Oldcastle because Plaintiffs have not alleged that they have suffered an injury from any act that took place in Nevada. N.R.S. 598A.060. Plaintiffs have not done business in Nevada, nor have they purchased any precast concrete telephone vaults in Nevada. Accordingly, they do not have standing to bring a claim pursuant to the UTPA.

8. Plaintiffs' Complaint is dismissed as to Oldcastle with prejudice, without leave to amend, because the deficiencies in the Complaint cannot be remedied by amendment. *See Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296 (9th Cir. 1990). Deposition testimony confirms that Plaintiffs have not purchased any precast concrete telephone vaults from Oldcastle or any other manufacturer, and that Plaintiffs have not done business in Nevada. *See* Declaration of Janine L. Scancarelli in Support of Motion to Dismiss Ex. A. Plaintiffs also cannot amend their complaint to add facts that contradict those they have already pled, including that AT&T sets its own reimbursement policies and has not systematically set reimbursement rates for precast concrete telephone vaults at the prices listed in its contract with Oldcastle. *See* Complaint ¶¶ 50, 103; *Reddy*, 912 F.2d at 295-96 (plaintiffs may not cure deficiencies in challenged complaint by alleging facts inconsistent with the complaint).

**IT IS SO ORDERED.**

Dated: _____, 2008

_____
Susan Illston
United States District Judge

71073\6002\606332.2