United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENSEN ENTERPRISES INC., <br><br> Plaintiff, <br><br> v. <br><br> OLDCASTLE PRECAST, INC., et al., <br><br> Defendants. | No. C 06-247 SI <br> Related Case No. C 08-2451 SI <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR STAY; DENYING WITHOUT PREJUDICE PLAINTIFFS' CONSOLIDATED MOTION FOR COORDINATION OF DISCOVERY** |

Defendant Oldcastle Precast, Inc. has filed a motion to stay the *Jensen* case, and plaintiffs in both related cases have filed a consolidated motion for coordination of proceedings. Both motions are scheduled for a hearing on June 27, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motions are appropriate for resolution without oral argument, and VACATES the hearing on these motions. Plaintiffs' motion for approval of their waiver of potential conflicts of interest, filed in *La Collina dal Lago*, remains on the June 27, 2008 calendar.

Defendant moves to stay the *Jensen* case until at least the resolution of the pleadings in *La Collina*, and proposes that if any claims in *La Collina* survive, the cases should be consolidated for all purposes. Defendant contends that a stay of the *Jensen* case is proper because of the substantial overlap between the cases. Although defendant seeks a "temporary" stay until the pleadings are resolved in *La Collina*, defendant also states that it will later seek to consolidate the cases for all purposes and that a number of issues raised in *La Collina*, such as antitrust injury, should be resolved before *Jensen* goes to trial.

"A district court has discretionary power to stay proceedings in its own court . . . ." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "[A party seeking] a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id*. (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)). Here, the Court finds that defendant has not shown that a stay is warranted. Staying *Jensen* and consolidating the two cases will prejudice the *Jensen* plaintiff since *Jensen* is much more advanced, discovery is nearly complete, and set for trial on November 3, 2008. In contrast, *La Collina* was filed in May 2008, and presents a number of issues – such as the propriety of class certification – that distinguish it from *Jensen*. Although the two cases may involve a number of similar issues, the Court is not persuaded that a stay and consolidation is necessary, or in the interest of judicial economy.

Defendant also contends that a stay is necessary because the discovery obtained in *La Collina* bears on defendant's defenses in the *Jensen* case. It may be true that discovery in *La Collina* may be relevant to *Jensen* (and vice versa), and the Court encourages the parties to cooperate regarding sharing discovery between the two cases.[1] However, the issues raised in the *La Collina* action are not unfamiliar to the *Jensen* parties, in October 2006 the *Jensen* plaintiff disclosed the names of hundreds of developers and contractors to defendants, and the *Jensen* parties have conducted discovery related to the developers. Further, according to the parties' papers, defendants were scheduled to take the depositions of two recently-disclosed fact witnesses on June 16, 2008, and thus defendant has not identified any prejudice. The *Jensen* parties have engaged in extensive discovery, and defendant has not articulated any cogent reason why the existence of the *La Collina* action requires staying *Jensen* in order to obtain additional discovery relevant to *Jensen*.

Accordingly, the Court DENIES defendant's motion for a stay, and DENIES WITHOUT PREJUDICE TO RENEWAL plaintiffs' consolidated motion for coordination of discovery. (Docket Nos. 315 & 317 in 06-247 SI and Docket No. 7 in 08-2451 SI). As appropriate, the Court will address

---

[1] Relatedly, plaintiffs have filed a consolidated motion for coordination of discovery between the two cases. The Court DENIES the motion without prejudice to renewal in the event that the parties are unable to reach an agreement. Defendants suggest that they may be amenable to some sort of coordination after the *La Collina* parties engage in the Rule 26 meet and confer process.

whether aspects of the two cases should be coordinated for case management purposes.

**IT IS SO ORDERED.**

Dated:   June 24, 2008

_____
SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California