**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA COLLINA DAL LAGO, *et al.*, | No. C 08-2451 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS THE COMPLAINT WITHOUT LEAVE TO AMEND** |
| v. | |
| PACIFIC BELL TELEPHONE CO., *et al.*, | |
| Defendants. | |

On October 3, 2008, the Court heard argument on defendants' motions to dismiss the complaint. For the reasons set forth below, the Court GRANTS the motions and dismisses the complaint without leave to amend.

**BACKGROUND**

Plaintiffs are two residential property developers that do business exclusively in California. Complaint ¶¶ 6-7. Plaintiff La Collina Dal Lago alleges that it financed a residential development on Natoma Street in Folsom, California, that was completed between 2003 and December 2004. *Id*. ¶ 73. Plaintiff Bernau Development Corporation alleges that it has financed a residential property development currently under construction on the same street. *Id*. ¶¶ 76-77. The complaint alleges federal antitrust claims as well as a number of claim under California and Nevada law. Plaintiffs' federal antitrust claims allege that defendants Oldcastle Precast, Inc. and AT&T[1] conspired by entering into an agreement under which Oldcastle became the exclusive supplier of "AT&T Vaults" (precast

---

[1] The AT&T defendants include Pacific Bell Telephone Company, Nevada Bell Telephone Company, and AT&T Services, Inc.

concrete vaults used in AT&T's infrastructure). Under that agreement, Oldcastle gave AT&T a list of prices at which AT&T would pay for Vaults it purchased directly from Oldcastle. *Id.* ¶¶ 102-04, 119. The complaint alleges that developers were required to purchase AT&T Vaults from Oldcastle, and then resell those vaults to AT&T at a loss. *Id.* ¶¶ 100-133. The state law claims challenge AT&T reimbursement practices regarding precast concrete telephone vaults, as well as other types of materials used by developers such as trenching, conduit and polymer vaults. *See e.g. id.* ¶¶ 1-4. The complaint does not allege that Oldcastle sells developers trenching, conduit or polymer vaults.

The complaint is filed on behalf of the following proposed class: "All property developers who within the past four years have connected property developments to AT&T's infrastructure in California and Nevada, and who to this end have provided trenching or materials to AT&T or for AT&T's benefit in exchange for some reimbursement." *Id.* ¶ 20. The complaint does not allege that either named plaintiff actually purchased an AT&T Vault from Oldcastle, and in depositions representatives from both named plaintiffs have confirmed that, in fact, they have not purchased any "AT&T Vaults" from Oldcastle. *See* Scancarelli Decl. Ex. A at 140, 147-48 (Bernau depo.); Ex. B at 17, 53, 144-47 (La Collina depo.).

**DISCUSSION**

Both Oldcastle and AT&T move to dismiss the complaint on numerous grounds. However, a threshold issue is whether the two named plaintiffs have standing to allege the federal antitrust claims. Neither named plaintiff purchased AT&T Vaults from Oldcastle, and plaintiffs concede that they lack standing to allege the federal antitrust claims as currently pled against Oldcastle and AT&T. However, plaintiffs seek leave to amend the complaint to (1) add new plaintiffs who have purchased AT&T Vaults from Oldcastle and resold those vaults to AT&T; and (2) add new allegations against new defendants regarding the current plaintiffs' purchases of conduit and polymer vaults from the defendants, and the forced resale of conduit and polymer vaults to AT&T.

Defendants contend that because the current named plaintiffs lack standing, the entire complaint should be dismissed without leave to amend. Defendants cite a number of cases holding that where plaintiffs lack standing, the court lacks subject matter jurisdiction and the complaint must be dismissed.

*See, e.g.*, *Morongo Band of Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1381 (9th Cir. 1988); *Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1283 (5th Cir. 1981) ("Since Summit had no standing to assert a claim, it was without power to amend the complaint so as to initiate a new lawsuit with new plaintiffs and a new cause of action."). Plaintiffs concede that they cannot state a federal antitrust claim against Oldcastle, and that as currently pled, the Court lacks subject matter jurisdiction because there is no federal standing and no independent basis for jurisdiction over the state law claims.

Instead, plaintiffs assert that if given leave to amend, plaintiff Bernau Development Corporation can allege federal antitrust claims against AT&T and two new defendants arising out of the forced purchase-resales in the conduit and polymer market vaults. Presumably plaintiff La Collina cannot allege such claims because plaintiffs' surreply is silent on that point. Plaintiffs argue that these amendments will establish standing and confer subject matter jurisdiction, and that then plaintiffs should be permitted to add new plaintiffs who have standing to allege antitrust claims against AT&T and Oldcastle.

The Court finds that it would be improper to allow plaintiffs to amend the complaint as they propose. It is undisputed that neither La Collina nor Bernau can state a federal antitrust claim against AT&T and Oldcastle regarding the alleged forced purchase-resale conspiracy in the precast concrete vault market. Thus, these two plaintiffs cannot amend the complaint to establish standing against defendants. Instead, plaintiffs seek to establish standing and subject matter jurisdiction over all the claims in the complaint by adding new claims against new defendants concerning other alleged conspiracies in other markets. If plaintiffs wish to allege such claims, they may file a new lawsuit. Because the Court finds that plaintiffs lack standing and thus there is no subject matter jurisdiction, the Court does not reach the parties' arguments regarding primary jurisdiction and whether plaintiffs have otherwise stated claims under federal and state law.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motions to dismiss the complaint without leave to amend. (Docket Nos. 26 & 31).

**IT IS SO ORDERED.**

Dated: October 11, 2008

SUSAN ILLSTON
United States District Judge